In the Interest of N.D.D., A Child.

Appeal of V.L.D., Father.

No. 87–1096.

Court of Appeals of Iowa.

Nov. 29, 1988.

Michael J. O'Bradovich, Council Bluffs, for appellant.

Lloyd Bergantzel, Council Bluffs, for appellee mother.

Mark Eveloff, Council Bluffs, guardian ad litem, for the child.

Heard by OXBERGER, C.J., and SCHLEGEL and HAYDEN, JJ.

SCHLEGEL, Judge.

The father of a seven-year-old girl appeals a juvenile court order terminating his parental rights. He urges that the trial court erred in: (1) ruling that he had abandoned the child; and (2) failing to specifically find that the termination was in the child's best interests. We reverse the termination order.

This action was brought by D.L.C., natural mother of the minor child, N.D.D., and former wife of V.L.D., the appellant in this matter, pursuant to chapter 600A of the Iowa Code. Upon hearing, V.L.D.'s parental rights were terminated by the juvenile court on the grounds of abandonment and failure to contribute to the support of the child, under Iowa Code sections 600A.8(3) and (4).

V.L.D. contends that the trial court's ruling that he abandoned his daughter is not supported by clear and convincing evidence. He argues that he was unable to make some support payments because he was unemployed and that he was unable to visit the child because he was living in Mississippi.

> In relevant part, section 600A.8 provides: The juvenile court shall base its findings and order [terminating parental rights] on clear and convincing proof. The following shall be, either separately or jointly, grounds for ordering termination of parental right:
>
> \* \* \* \* \* \*
>
> 3. A parent has abandoned the child.
> 4. A parent has been ordered to contribute to the support of the child or financially aid in the child's birth and has failed to do so without good cause.

Abandonment is defined in section 600A.2(16):

> *"To abandon a minor child"* means to permanently relinquish or surrender, without reference to any particular person, the parental rights, duties, or privileges inherent in the parent-child relationship. The term includes both the intention to abandon and the acts by which the intention is evidenced. The term does not require that the relinquishment or surrender be over any particular period of time.

Section 600A.1 states that the provisions of chapter 600A are to be construed liberally.

The welfare of the child is to be the paramount consideration.

Our review of termination proceedings under chapter 600A is de novo. *In Interest of Kelley,* 262 N.W.2d 781, 782 (Iowa 1978).

V.L.D. and D.L.C. were married in 1979 in Omaha, Nebraska. They had one child, N.D.D., born in 1981. They were divorced in 1982. The dissolution decree provided that D.L.C. should have custody of N.D.D. and that V.L.D. should pay $175 per month in child support. He was also granted reasonable rights of visitation.

After the divorce, V.L.D. remained in the Omaha–Council Bluffs area for a short period of time and visited N.D.D. quite frequently. In 1983 he moved to Jackson, Mississippi, to work as an EEG technologist. He was employed there for approximately two years. After the move, V.L.D. sent N.D.D. cards and called her. He also visited her for a one-week period in September of 1984. In response to a proposed cut in pay, he left his job in April of 1985, and was unemployed for seven months thereafter. In October of 1985 he found employment at a hospital in Dubuque, Iowa. The record indicates that he had not visited N.D.D. since his last visit in September of 1984 and he had made little or no attempt to contact her.

With respect to V.L.D.'s child support payments, the parties presented exhibit # 1 at trial, which indicated that V.L.D. made twelve payments in 1983, ten in 1984, one in 1985, and five to six payments in 1986, including a $1,000 payment in November of 1986. The record further shows that V.L.D. made four payments in 1987.

Our review of the entire record convinces us that the statutory elements necessary for a finding of abandonment have not been met. In *Interest of Goettsche,* 311 N.W.2d 104, 106 (Iowa 1981), the Iowa Supreme Court stated:

> [A]bandonment [has been characterized] as a giving up of parental rights and responsibilities accompanied by an intent to forego them (citation omitted). We think this characterization captures the two elements necessary for abandonment

as the term is defined in § 600A.2(16). The giving up of parental rights and responsibilities refers to conduct. The intent element refers to the accompanying state of mind.

V.L.D. testified at trial that he did not intend to relinquish his parental rights to N.D.D., and we do not believe that his conduct evidences such an intention. The record shows that V.L.D. exercised his right of visitation on several occasions while he resided in the same town as the child, and kept in contact with the child fairly frequently until September of 1984 after he moved away. He also met most of his child support payments through 1984. When he became unemployed in 1985, he was unable to meet his child support obligations and his contact with his child became nonexistent. He testified at trial that he had not attempted to visit the child over a period of time because both his wife and his attorney told him that he should not do so because of his child support arrearages. D.L.C. denied that she ever attempted to deny visitation to V.L.D.

The evidence shows that V.L.D. had fallen significantly into debt during his period of unemployment, but has since worked his way out of debt, and paid a large amount toward his child support arrearage. Moreover, the evidence indicates that in October or November of 1986, V.L.D. contacted the local county attorney in Dubuque regarding his child support arrearages and possible visitation with his child, and asked her to contact his wife. He testified that he approached his wife in this way rather than contacting her directly because he didn't want to just "jump" right in. D.L.C. admitted receiving the letter and responded with a petition for termination of V.L.D.'s parental rights.

V.L.D. denies that he intended to abandon N.D.D. and we believe that the evidence fails to meet the clear and convincing standard that he intended to relinquish his parental rights, privileges and duties. We conclude that the district court's order terminating V.L.D.'s parental rights in the

minor child, N.D.D., must be and hereby is reversed.

REVERSED.