**IN THE COURT OF APPEALS OF IOWA**

No. 13-1718
Filed June 25, 2014

**IN THE INTEREST OF S.A.B.,**
**Minor Child,**

**F.B., Mother,**
**Petitioner-Appellee,**

**J.B. Jr., Father,**
**Respondent-Appellant.**

_____

Appeal from the Iowa District Court for Woodbury County, Julie A. Schumacher, District Associate Judge.

A putative father appeals from the termination of his parental rights.

**AFFIRMED.**

Daniel P. Vakulskas of Vakulskas Law Firm, P.C., Sioux City, for appellant.

Stephanie Forker Parry of Forker and Parry, Sioux City, for appellee.

David A. Dawson, Sioux City, attorney for minor child.

Considered by Vogel, P.J., and Doyle and Mullins, JJ.

**DOYLE, J.**

A putative father appeals from the termination of his parental rights pursuant to Iowa Code section 600A.8 (2013). He contends the grounds for termination were not proved by clear and convincing evidence and termination is not in the child's best interests. Because we find he has abandoned the child and the child's best interests are served by termination of his parental rights, we affirm.

### I. Background Facts and Proceedings.

F.B. is the mother and J.B. Jr. is the putative father (father) of S.A.B., born in July 2013. The parents are not married. Two days after giving birth, the mother filed a petition seeking termination of her and the father's parental rights pursuant to Iowa Code section 600A.5. The petition stated the father was in the custody of the Iowa Department of Corrections, and it asserted he had abandoned the child. The father was subsequently appointed counsel to contest the termination of his parental rights.

A hearing on the petition was held on August 16, 2013. The father participated telephonically as he was still incarcerated. In October 2013, the district court entered its order terminating both parents' parental rights.[1]

The father now appeals. He contends he did not abandon the child and that termination was not in the child's best interests.

---

[1] The mother's rights were terminated based on her consent, and she has not appealed.

## II.  Scope and Standards of Review.

We review the termination order de novo.  *See In re C.A.V.*, 787 N.W.2d 96, 99 (Iowa Ct. App. 2010).  We give weight to the district court's fact findings, especially those regarding witness credibility, but we are not bound by them.  *Id.* Our utmost concern in termination proceedings is the child's best interests.  *Id.*

## III.  Discussion.

Termination is appropriate under section 600A.8(3) where a parent has abandoned the child.  By statute, a parent is deemed to have abandoned a child under the age of six months unless the parent does *all* of the following: "(a) [d]emonstrates a willingness to assume custody of the child rather than merely objecting to the termination of parental rights;" "(b) [t]akes prompt action to establish a parental relationship with the child;" and "(c) [d]emonstrates, through actions, a commitment to the child."  Iowa Code § 600A.8(3)(a)(1) (emphasis added).  In other words, if a parent fails to fulfill any one of these three requirements, the statute deems the parent to have abandoned the child.  *See id.* The statutory provisions of chapter 600A are to be liberally construed.  *In re N.D.D.*, 434 N.W.2d 919, 919-20 (Iowa Ct. App. 1988).

In considering whether a parent has abandoned a child under the statute, the court may consider the following factors:

> (a) The fitness and ability of the parent in personally assuming custody of the child, including a personal and financial commitment which is timely demonstrated.
> (b) Whether efforts made by the parent in personally assuming custody of the child are substantial enough to evince a settled purpose to personally assume all parental duties.
> (c) With regard to a putative father, whether the putative father publicly acknowledged paternity or held himself out to be the

father of the child during the six continuing months immediately prior to the termination proceeding.

 (d) With regard to a putative father, whether the putative father paid a fair and reasonable sum, in accordance with the putative father's means, for medical, hospital, and nursing expenses incurred in connection with the mother's pregnancy or with the birth of the child, or whether the putative father demonstrated emotional support as evidenced by the putative father's conduct toward the mother.

 (e) Any measures taken by the parent to establish legal responsibility for the child.

 (f) Any other factors evincing a commitment to the child.

*Id.* § 600A.8(3)(a)(2). The subjective intent of the parent unsupported by evidence of the foregoing acts does not preclude a finding of abandonment. *Id.* § 600A.8(3)(c). We may also consider the conduct of a putative father toward the mother during the pregnancy. *Id.*

The juvenile court found credible evidence established the following. The father was physically abusive to the mother's sister and to the mother, even during her pregnancy with the child. The mother and the father used methamphetamine together, and the father provided the mother with methamphetamine during her pregnancy with the child. He did not provide the mother with any food of significance, or medical care, nor did he pay for any medical care during her pregnancy, although he did allow the mother to use his food stamp card to purchase twenty dollars' worth of food on one occasion. The father has an extensive criminal history and was incarcerated at the time of the termination hearing with an anticipated release date of November 2013. He has never seen the child.

We adopt as our own the findings of the juvenile court:

 [The father] is currently incarcerated. Paternity testing has not been completed, nor initiated. [The father] did complete a

declaration of paternity, filed on July 25, 2013. [The father] has provided no financial support for [the child]. He provided no emotional support for [the mother] during her pregnancy. In contrast, he was physically abusive to [the mother] during her pregnancy and provided [the mother] methamphetamine on an almost daily basis during the time period she was pregnant. Consequently, [the child] tested positive for methamphetamine at birth. As [the father] is incarcerated, he could not currently assume care of [the child]. [The child] has been in a pre-adoptive home since shortly following her birth [in July] 2013. [The father] has not contributed any financial support to [the mother] for her costs during pregnancy or the cost of labor and delivery.

Furthermore, the record establishes the father contributed not one penny of his prison wages toward support of the child, nor did he contribute to her care. After being furnished with the address and phone number of the child's guardian/custodian, the father did not contact the guardian/custodian, nor did he request to have contact with the child. "Clearly, actions speak louder than words." *In re J.L.W.*, 523 N.W.2d 622, 624 (Iowa Ct. App. 1994); *overruled on other grounds by In re P.L.*, 778 N.W.2d 33, 39 (Iowa 2010). Additionally, he admitted he could not legally or physically assume custody of the child at the time of the hearing. The statute clearly expects a parent to assume the parental role when he learns he is the father of a baby. Upon our de novo review, we find clear and convincing evidence establishes the father has abandoned the child within the meaning of section 600A.8(3).

Once a ground for termination under section 600A.8 has been established by clear and convincing evidence, the court turns to the question of whether termination is in the child's best interests. *J.L.W.*, 523 N.W.2d at 625. The child's best interests "requires that each biological parent affirmatively assume the duties encompassed by the role of being a parent." Iowa Code § 600A.1. In

determining best interests, this court shall consider, among other things, "the fulfillment of financial obligations, demonstration of continued interest in the child, demonstration of a genuine effort to maintain communication with the child, and demonstration of the establishment and maintenance of a place of importance in the child's life." *Id.* Additionally, our supreme court has borrowed from Iowa Code section 232.116(2) and (3) to flesh out the contours of the best-interest framework in private terminations. *See In re A.H.B.*, 791 N.W.2d 687, 690-91 (Iowa 2010) (considering child's "physical, mental, and emotional condition and needs" and the "closeness of the parent-child bond"). "In considering whether to terminate, the court shall give primary consideration to the child's safety, to the best placement for furthering the long-term nurturing and growth of the child, and to the physical, mental, and emotional condition and needs of the child." *In re P.L.*, 778 N.W.2d 33, 39 (Iowa 2010) (citation and internal quotation marks omitted).

In concluding that termination of the father's parental rights are in the child's best interests, the district court found:

> Since [the child]'s birth, neither parent has fulfilled the role of a parent to [the child]. As indicated above, [the father] was physically abusive to [the mother] while she carried [the child] and provided her with methamphetamine. He provided no emotional or financial support to [the mother]. He has provided no financial support for [the child]. There is nothing of significance that [the father] can point to that demonstrates a connection with [the child]. His extensive criminal history is indicative of his fitness as a parent. [The child] is an infant child who deserves the stability and attention that the adoptive home can provide for her.

We agree with the juvenile court that termination of the father's parental rights is in the child's best interest. The evidence shows terminating the father's parental

rights so the child can be adopted gives primary consideration to the child's safety and is the best placement for furthering her long-term nurturing and growth, as well as the placement that will cater to the child's physical, mental, and emotional needs. *See id.*

### IV. Conclusion.

Upon our de novo review, we find clear and convincing evidence the father abandoned the child within the meaning of Iowa Code section 600A.8(3), and terminating the father's parental rights is in the child's best interests. Accordingly, we affirm the juvenile court's termination of the father's parental rights.

**AFFIRMED.**