# IN THE COURT OF APPEALS OF IOWA

No. 17-0859
Filed March 7, 2018

**IN THE INTEREST OF S.A.,**
**Minor Child,**

**S.F., Mother,**
        Petitioner-Appellant,

**W.A., Father,**
        Respondent-Appellee.
_____

        Appeal from the Iowa District Court for Polk County, Jeanie K. Vaudt, Judge.


        A mother appeals the district court's denial of her petition to terminate the parental rights of the father. **AFFIRMED.**


        Andrea M. Flanagan of Flanagan Law Group, PLLC, Des Moines, for appellant mother.

        W.A., Grimes, pro se appellee father.

        Jessica A. Millage of Millage Law Firm. P.C., Des Moines, guardian ad litem for minor child.


        Considered by Vogel, P.J., and Potterfield and Mullins, JJ.

**POTTERFIELD, Judge.**

The mother appeals the denial of her petition to terminate the father's parental rights as to their daughter, S.A. The mother sought termination of parental rights pursuant to Iowa Code section 600A.8(3)(b)(1) and (2) and section 600A.8(4) (2016).

## I.    Background Facts and Proceedings.

The parties met in 2005 and began a romantic relationship; they have never married. S.A. was born in 2011 and is the only child from the relationship. The parties moved to Iowa with their daughter in 2014 and have remained here since.

In August 2014, the father was arrested for domestic violence against the mother. He was charged with first-offense domestic abuse assault, pled guilty, and was convicted. The court entered a no-contact order between the parents, set to expire January 2016.

In October 2014, the mother petitioned to establish custody, visitation, and support for S.A. In November, the father was charged with operating while intoxicated (OWI). He pled guilty, and the court sentenced him to serve the minimum jail term, suspending the balance, and requiring probation.

The mother and father entered a stipulation and agreement on temporary matters, providing for the father to visit the child in gradually lengthening periods of time. In March 2015, the mother filed an application to modify the no-contact order and the court granted permission for the mother and father to communicate electronically regarding S.A. and to exchange S.A. for visitation in a public place. From March 2015 to September 2015, the father participated in graduated visitation, progressing to overnight visits with S.A.

The father was arrested in September 2015 and charged with domestic abuse assault, second offense.[1] The father's probation was revoked in September 2015, when he pled guilty to domestic abuse assault, second offense. For both the OWI and domestic abuse assault, the court sentenced the father to two years of incarceration. The father was incarcerated and then transferred to a residential correctional facility, where he was granted work release.

The mother dismissed without prejudice her application for custody, visitation, and support in September 2015. September 2015 was the last visitation between the father and S.A. The mother has become engaged, and her fiancé is involved in S.A.'s life.

In May 2016, the mother petitioned the court to modify the existing no-contact order to prohibit all contact between herself and the father again and to add the child's name as a protected party. In August, the father filed a petition for custody, visitation, and support. Trial in that case has been stayed until further order of the court. In November, the mother filed the instant petition for termination of the father's parental rights. A hearing was held in March 2017, and in May the mother's petition was denied. The mother appeals. The father does not participate in the appeal.

## II.    Standard of Review.

"Termination proceedings are reviewed de novo." *In re R.K.B.*, 572 N.W.2d 600, 601 (Iowa 1998). "Although we are not bound by them, we give weight to the trial court's findings of fact, especially when considering credibility of witnesses."

---

[1] The complaining witness of that assault is not a party in this case.

*Id.* "The primary interest in termination proceedings is the best interests of the child." *Id.* The mother has the burden of proving by clear and convincing evidence grounds for termination exist. Iowa Code § 600A.8. "Once the court has found a statutory ground for termination under a chapter 600A termination, the court must further determine whether the termination is in the best interest of the child." *In re A.H.B.*, 791 N.W.2d 687, 690 (Iowa 2010).

### III. Analysis.

The mother claims she proved by clear and convincing evidence the father has abandoned S.A. pursuant to Iowa Code section 600A.8(3)(b)(1) and (2):

> For the purposes of this subsection, a parent is deemed to have abandoned a child as follows:
>
> . . . .
>
> b. If the child is six months of age or older when the termination hearing is held, a parent is deemed to have abandoned the child unless the parent maintains substantial and continuous or repeated contact with the child as demonstrated by contribution toward support of the child of a reasonable amount, according to the parent's means, and as demonstrated by any of the following:
> (1) Visiting the child at least monthly when physically and financially able to do so and when not prevented from doing so by the person having lawful custody of the child.
> (2) Regular communication with the child or with the person having the care or custody of the child, when physically and financially unable to visit the child or when prevented from visiting the child by the person having lawful custody of the child.

The mother also claims grounds for termination exist under section 600A.8(4): "A parent has been ordered to contribute to the support of the child or financially aid in the child's birth and has failed to do so without good cause."

"Under section 600A.8(3)(b), the threshold element of 'substantial and continuous or repeated contact' is economic contributions." *In re K.W.*, No. 14-2115, 2015 WL 6508910, at *3 (Iowa Ct. App. Oct. 28, 2015) (quoting Iowa Code

§ 600A.8(3)(b)).  The father made a payment to the child support recovery unit in October 2015 in the amount of $2136 and then made biweekly child support payments beginning in March 2016 until November 2016.  While the father has not made full and consistent child support payments, he testified he had paid around half of what he owed at the date of the trial.  The district court found the father's support payments reasonable, considering he had been unemployed and incarcerated for several months.  The district court found, and we agree, the father has satisfied the requirements of 600A.8(3)(b) and 600A.8(4) by maintaining "substantial and continuous or repeated contact with the child as demonstrated by contribution toward support of the child of a reasonable amount, according to the parent's means."  Because the father meets the threshold element of 600A.8(3)(b)–economic contributions–and 600A.8(4), we turn to subsections (1) and (2) of Iowa Code section 600A.8(3)(b), the requirements for contact between the parent and child.

It is clear the father maintained contact with S.A. from March to September 2015 pursuant to the parties' stipulation.  The father has not seen S.A. since September 2015.  The father testified he did not contact the mother or S.A. between September 2015 and January 2016 when he was incarcerated.

After January 2016, the father testified to efforts he made to communicate with the mother, including phone calls, text messages, e-mails, and using his parents as go-betweens.  The district court found the father's testimony credible, as he described his attempts to make contact with S.A., including an e-mail sent in January 2016 and his petition for custody, support, and visitation filed in August 2016.  The mother first denied the father made these efforts then testified she did

not remember whether they happened but that it was possible they did occur. The mother has the burden of proving the father abandoned S.A. She had the burden to prove the father failed to attempt regular contact. She failed to meet this burden.

The father's efforts to maintain regular contact were thwarted by the mother, who did not respond to the father's communications. *See In re P.N.B.*, No. 06-1127, 2007 WL 601509, at *5 (Iowa Ct. App. Feb. 28, 2007) (holding abandonment not proven when any attempts by the mother to contact the child would have been thwarted by the father).

The record does not contain specific information as to whether the father's efforts at communication amounted to more than a few sporadic attempts or whether he made his efforts regularly. *See re J.H.*, No. 16-2076, 2017 WL 1735912, at *1 (Iowa Ct. App. May 3, 2017) (finding the mother's lack of contact with her children for thirty or ninety days sufficient to find abandonment); *In re B.B.E.*, No. 15-0930, 2016 WL 541346, at *3 (Iowa Ct. App. Feb. 10, 2016) ("[W]ith respect to the father's actions, firing text messages and Facebook messages into the electronic ether with the knowledge that the messages are not being received is insufficient to demonstrate 'a willingness to assume custody of the child,' 'prompt action to establish a parental relationship with the child,' or 'commitment to the child.'" (quoting Iowa Code § 600A.8(3)(a)(1))); *In re G.B.*, No. 14-1691, 2015 WL 4493354, at *5 (Iowa Ct. App. July 22, 2015) (explaining a few phone calls and Facebook messages are not enough); *In re K.M.*, No. 14-1374, 2015 WL 1849508, at *6 (Iowa Ct. App. Apr. 22, 2015) ("A few sporadic text messages over the period of a few months . . . do not rise to any sort of meaningful contact that may fend off a claim of abandonment, particularly given the father did not attempt any other type

of communication—or offer financial or emotional support."); *In re G.A.*, 826 N.W.2d 125, 130 (Iowa Ct. App. 2012) (affirming termination order where the father communicated with the mother via "sporadic text messages" over the course of several months and made no attempts to follow up); *In re D.S.P.*, No. 09-1188, 2010 WL 445690, at *3 (Iowa Ct. App. Feb. 10, 2010) (holding the father abandoned his daughter when he "largely gave up" on communication after his first attempts were unsuccessful).  Deferring to the district court's determination of the father's credibility on this issue and its finding the father repeatedly attempted contact and sought court intervention, we agree the mother's testimony does not establish the father failed to make the minimum contact under 600A.8(3)(b).

The mother has the burden of proving her case by clear and convincing evidence.  *See* Iowa Code § 600A.8.  "This is a significant burden—the highest burden in civil cases.  We impose this burden on the petitioners to prevent an erroneous and irreparable deprivation of a parent's right to raise his or her children."  *In re E.S.*, No. 16-0066, 2016 WL 7403746, at *3 (Iowa Ct. App. Dec, 21, 2016).  Because the mother has not met her burden of proof to show the father has abandoned S.A., we need not reach the issue of whether termination is in S.A.'s best interest's, and we affirm.

**AFFIRMED.**