**IN THE COURT OF APPEALS OF IOWA**

No. 20-1003
Filed January 21, 2021

**IN THE INTEREST OF R.T.,**
**Minor Child,**

**D.T., Guardian,**
    Petitioner-Appellee,

**R.N., Mother,**
    Respondent-Appellant.
_____

Appeal from the Iowa District Court for Pottawattamie County, Charles D. Fagan, District Associate Judge.

A mother appeals the termination of her parental rights under Iowa Code chapter 600A (2018). **AFFIRMED.**

Patricia Scheinost, Council Bluffs, for appellant mother.

Norman L. Springer Jr. of McGinn, Springer & Noethe, P.L.C., for appellee guardian.

Marti D. Nerenstone, Council Bluffs, attorney and guardian ad litem for minor child.

Considered by Mullins, P.J., and May and Schumacher, JJ.

**MULLINS, Presiding Judge.**

A mother appeals the termination of her parental rights to her child under Iowa Code section 600A.8(3)(b) (2018). She challenges the sufficiency of the evidence supporting the statutory ground for termination and claims termination is contrary to the child's best interests.

## I. Background Facts and Proceedings

We make the following factual findings upon the evidence we find credible. The child was born in March 2014. In December 2015, the mother contacted the child's maternal grandmother and her husband and requested they pick the child up. According to the grandmother's testimony, the mother "needed to get treatment, she was all over the place. She swore it would only be six months to a year." According to the mother, she "just badly needed help." The mother agreed in her testimony she was suffering from substance-abuse issues. The grandmother and her husband pursued the establishment of a guardianship, to which the mother consented and the court approved. The child has remained in their care since. The mother did not attempt to contact the child for more than six months after she was taken in by her guardians. In the six months after that, the mother would variously call, and the guardians would try to set up visits. When she would visit the child, the mother displayed erratic behavior, which resulted in the guardians requiring the mother to take a drug test before visiting the child. The mother visited the child "[o]nly a couple times" the first year.

In the second year, the mother would sometimes just show up at the guardians' home, and she continued to display erratic behavior. The mother has never consistently tried to maintain contact with the child. After three years of the

mother displaying inconsistent interest in contact with the child, the guardians essentially gave up on the mother. Thereafter, the guardians agreed they sometimes denied the mother contact, were not proactive in initiating it due to her behavior, and ignored the mother's phone calls on occasion. The maternal grandmother ultimately filed a petition to terminate the mother's parental rights under Iowa Code chapter 600A. In the two years leading up to the July 2020 termination hearing, the mother only requested to see or talk to the child "not even a handful of times." The mother has provided little or no financial assistance to the guardians, despite a court order for child support. On the last occasion the mother attempted contact with the child in May 2020, she showed up at the guardians' residence, pounded on the doors and windows, screamed, and caused property damage. Law enforcement was notified, and the mother was charged with attempted burglary in the third degree and fourth-degree criminal mischief.[1] A no-contact order was entered prohibiting the mother from contacting the guardians. The mother was ultimately arrested in July. Both charges were pending at the time of the termination hearing.

Following the termination hearing, the court terminated the mother's parental rights under Iowa Code section 600A.8(3)(b). The court concluded the restrictions the guardians placed on contact were fair and reasonable given the

---

[1] The mother has had various other run-ins with the law since placing the child with the guardians. She was arrested on charges of possession of marijuana and methamphetamine in mid-2016. She was ultimately placed on probation in relation to those charges. In mid-2017, she was arrested for operating a vehicle without the owner's consent and was again placed on probation. She was ultimately placed in a residential correctional facility, after which she absconded and was charged with voluntary absence from custody in June 2019.

evidence of the mother's continued criminal behavior and drug abuse, the mother abandoned the child, and termination is in the child's best interests. The mother appeals.[2]

## II.  Standard of Review

Appellate review of termination proceedings under chapter 600A is de novo. *In re B.H.A.*, 938 N.W.2d 227, 232 (Iowa 2020). We give weight to the district court's factual findings, especially when considering credibility of witnesses, but we are not bound by them. *In re R.K.B.*, 572 N.W.2d 600, 601 (Iowa Ct. App. 1998). Our primary consideration is the best interests of the child. Iowa Code § 600A.1(1); Iowa R. App. P. 6.904(3)(o); *In re C.A.V.*, 787 N.W.2d 96, 99 (Iowa Ct. App. 2010).

## III.  Analysis

"Termination proceedings under Iowa Code chapter 600A are a two-step process." *In re Q.G.*, 911 N.W.2d 761, 770 (Iowa 2018); *see* Iowa Code §§ 600A.1, .8. "In the first step, the petitioner seeking termination must first show by clear and convincing evidence a threshold event has occurred that opens the door for potential termination of parental rights." *Id.* "Once that threshold showing has been made, the petitioner must next show, by clear and convincing evidence, termination of parental rights is in the best interest of the child." *Id.*

### A.  Threshold Determination

The district court terminated the mother's parental rights for abandonment. Section 600A.2(19) defines abandonment of a minor child as "reject[ing] the duties

---

[2] The parental rights of any putative father were also terminated. No father appeals.

imposed by the parent-child relationship . . . , which may be evinced by the person, while being able to do so, making no provision or making only a marginal effort to provide for the support of the child or to communicate with the child." Section 600A.8(3)(b), which concerns children who are six months of age or older at the time of the termination hearing, provides the following:

> [A] parent is deemed to have abandoned the child unless the parent maintains substantial and continuous or repeated contact with the child as demonstrated by contribution toward support of the child of a reasonable amount, according to the parent's means, *and* as demonstrated by any of the following:
> (1) Visiting the child at least monthly when physically and financially able to do so and when not prevented from doing so by the person having lawful custody of the child.
> (2) Regular communications with the child or with the person having the care or custody of the child, when physically and financially unable to visit the child or when prevented from visiting the child by the person having lawful custody of the child.
> (3) Openly living with the child for a period of six months within the one-year period immediately preceding the termination of parental rights hearing and during that period openly holding himself or herself out to be the parent of the child.

(Emphasis added.)

The statute expressly requires the establishment of two elements by clear and convincing evidence: (1) the parent has failed to maintain "substantial and continuous or repeated contact with the child as demonstrated by contribution toward support of the child of a reasonable amount, according to the parent's means" and (2) the parent has failed to maintain sufficient contact with the child under one of the three alternatives listed in section 600A.8(3)(b)(1)–(3). *See* Iowa Code § 600A.8(3)(b); *see also In re S.A.*, No. 17-0859, 2018 WL 1182889, at *2 (Iowa Ct. App. Mar. 7, 2018) (noting "the threshold element of 'substantial and

continuous or repeated contact' is economic contributions" (quoting *In re K.W.*, No. 14-2115, 2015 WL 6508910, at *3 (Iowa Ct. App. Oct. 28, 2015))).

Upon the evidence we find credible, we find clear and convincing evidence supports the economic-contributions element. The grandmother testified the guardians received nothing from the mother. While the mother asserted she paid support while she was placed in the residential correctional facility, the record indicates that was a result of a wage assignment. The mother testified to her various employment endeavors while in the community, but she provided no support. She has failed to contribute a reasonable amount of support according to her means.

The second element turns on the credibility of testimony. The grandmother testified the mother had rare and sporadic contact with the child the first three years, and in the two years leading up to the July 2020 termination hearing, the mother only requested to see or talk to the child "not even a handful of times." The mother claimed she attempted to see or otherwise contact the child on a monthly basis but indicated her efforts were thwarted by the guardians. But we agree with the juvenile court that, given the mother's track record, the guardians' restrictions were not unreasonable. *Cf. In re G.A.*, 826 N.W.2d 125, 129 (Iowa Ct. App. 2012). And even if they were, in order to avert termination, in the face of prevention of visiting the child, the mother was required to maintain "[r]egular communication with the child or the person having the care or custody of the child." Iowa Code § 600A.8(3)(b)(2). We agree with the district court's implicit rejection of the mother's testimony as not credible and acceptance of the grandmother's testimony as credible. The grandmother's testimony disclosed the mother's contact with the

child was rare and sporadic, and we find this to be clear and convincing evidence that the mother failed to maintain regular communication. We find the evidence sufficient to support termination of the mother's rights under Iowa Code section 600A.8(3)(b)(2).

B.      Best Interests

As noted, a termination petitioner must show by clear and convincing evidence termination is in the best interests of the child. *Q.G.*, 911 N.W.2d at 770.

> Iowa Code section 600A.1 provides a lengthy description regarding application of the concept of "best interest of the child" in termination proceedings. The provision states the best interest of the child "shall be the paramount consideration" in interpreting the chapter. [Iowa Code] § 600A.1[(2)]. Yet, the section further provides the interests of the parents of the child "shall be given due consideration." *Id.*
> The best interest of the child requires each parent "affirmatively assume the duties encompassed by the role of being a parent." *Id.* Among other things, the court is directed to consider "the fulfillment of financial obligations, demonstration of continued interest in the child, demonstration of a genuine effort to maintain communication with the child, and demonstration of the establishment and maintenance of a place of importance in the child's life." *Id.*
> In addition to applying the language of Iowa Code section 600A.1, we have also borrowed from Iowa Code section 232.116(2) and (3) to flesh out the best-interest-of-the-child test. *In re A.H.B.*, 791 N.W.2d 687, 690–91 (Iowa 2010). We consider the child's "physical, mental, and emotional condition and needs" and the "closeness of the parent-child relationship." Iowa Code § 232.116(2)–(3).

*Id.* at 771.

The evidence is clear the mother has not "affirmatively assume[d] the duties encompassed by the role of being a parent." Iowa Code § 600A.1(2). She has been largely absent from the child's life for several years. She has provided little if any financial support, failed to demonstrate a continued interest in or genuine

effort to maintain communication with the child, and she does not hold a place of importance in the child's life. *See id.* In determining whether termination is in the best interests of a child under chapter 232, we "give primary consideration to the child's safety, to the best placement for furthering the long-term nurturing and growth of the child, and to the physical, mental, and emotional condition and needs of the child." Iowa Code § 232.116(2). The defining elements of a child's best interests are the child's safety and need for a permanent home. *In re H.S.*, 805 N.W.2d 737, 748 (Iowa 2011).

Upon our de novo review of the record, we agree with the juvenile court that termination is in the child's best interests. The child has been outside of the mother's care for roughly five years. During those five years, the mother has shirked the duties encompassed by the role of being a parent.

## IV.  Conclusion

We find sufficient evidence supports terminating the mother's parental rights for abandonment and termination is in the child's best interest. We affirm the termination of the mother's parental rights.

**AFFIRMED.**