# IN THE SUPREME COURT OF IOWA

No. 09–1701

Filed October 22, 2010

**IN THE INTEREST OF A.H.B.,**
     Minor Child,

**M.L.B.,** Mother,
          Appellee,

**J.J.B.,** Father,
          Appellant.

On review from the Iowa Court of Appeals.

Appeal from the Iowa District Court for Butler County, Peter B. Newell, Judge.

Petitioner seeks further review of court of appeals' decision to reverse the district court's order terminating the parental rights of the respondent. **DECISION OF COURT OF APPEALS VACATED; DISTRICT COURT ORDER AFFIRMED.**

John J. Hines of Dutton, Braun, Staack, Hellman, P.L.C., Waterloo, for appellant.

Andrew C. Abbott of Abbott Law Office, P.C., Waterloo, for appellee.

Patrick G. Vickers of Vickers Law Office, Greene, guardian ad litem for minor child.

**BAKER, Justice**.

The petitioner seeks further review of the court of appeals' decision to reverse the district court's order terminating the respondent's parental rights pursuant to Iowa Code section 600A.8(9) (2007). The petitioner argues the court of appeals erred when it construed section 600A.8(9) to permit termination of parental rights only when the parent is currently imprisoned at the time of the termination hearing. We agree with the petitioner. We vacate the court of appeals' decision, and we affirm the district court's order terminating the respondent's parental rights.

## I. Background Facts and Proceedings.

In 2004, J.J.B., the respondent, married M.L.B., the petitioner, and J.J.B. became the stepfather to M.L.B.'s young daughter. In 2005, the couple had a son, A.H.B. Sometime after his son's birth, J.J.B. had sexual contact with his then seven-year-old stepdaughter. In 2007, J.J.B. pleaded guilty to indecent contact with a child, an aggravated misdemeanor, and received a suspended two-year term of imprisonment. As a term of his probation, he was ordered to reside in a residential treatment facility for one year or until maximum benefits had been conferred.

In 2008, M.L.B. brought a petition seeking to terminate J.J.B.'s parental rights to his biological son, A.H.B. After a hearing, the district court ordered the termination of J.J.B.'s parental rights pursuant to Iowa Code section 600A.8(9).

J.J.B. filed a notice of appeal, and we routed the case to the court of appeals. The court of appeals reversed the district court's order. The court of appeals found termination was not authorized under section 600A.8(9) because J.J.B. was not currently imprisoned at the time of the termination hearing. M.L.B. sought further review, and we accepted.

Upon further review, we limit our consideration of this case to the precise statutory issue upon which the court of appeals based its decision—that section 600A.8(9) only authorizes parental termination if the parent is currently imprisoned at the time of the termination hearing. *See In re Young*, 780 N.W.2d 726, 727 (Iowa 2010) (detailing that on further review the court can examine all issues raised or limit consideration to a particular issue).

## II. Standard of Review.

Our review of parental termination proceedings is de novo. *In re C.B.*, 611 N.W.2d 489, 492 (Iowa 2000). However, one of M.L.B.'s claims of error is based upon the court of appeals' statutory interpretation, and we review matters of statutory interpretation for correction of errors at law. *In re R.E.K.F.*, 698 N.W.2d 147, 149 (Iowa 2005).

## III. Discussion and Analysis.

Iowa Code section 600A.8(9) authorizes the juvenile court to terminate parental rights when

> [t]he parent *has been imprisoned* for a crime against the child, the child's sibling, or another child in the household, *or* the parent *has been imprisoned and* it is unlikely that the parent will be released from prison for a period of five or more years.

(Emphasis added.) In construing section 600A.8(9), we seek to ascertain the legislature's intent. *Doe v. Dep't of Human Servs.*, 786 N.W.2d 853, 858 (Iowa 2010). We give words their ordinary and common meaning. *Harvey v. Care Initiatives, Inc.*, 634 N.W.2d 681, 685 (Iowa 2001). We attempt to reach "a reasonable interpretation that best achieves the statute's purpose and avoids absurd results." *State v. Gonzalez*, 718 N.W.2d 304, 308 (Iowa 2006).

Importantly, we first observe that the legislature elected to use the present perfect tense, "has been imprisoned," when defining this ground for termination. Iowa Code § 600A.8(9). The present perfect tense encompasses both events that occurred in the indefinite past (She has been to Rome) and past actions that continue into or touch the present (It has been raining). *Chicago Manual Style* § 5.119 (15th ed. 2003); *see also Dobrova v. Holder*, 607 F.3d 297, 301–02 (2d Cir. 2010) (noting that the present perfect tense "has been . . . admitted" clarifies that the statute at issue applies to both aliens who are currently admitted as lawful permanent residents and to aliens "who were at some earlier time" admitted as such); *Emerald Mines Co. v. Fed. Mine Safety & Health Review Comm'n*, 863 F.2d 51, 56 (D.C. Cir. 1988) ("Use of the present perfect tense of the verb 'to be' in this key context denotes a wide, not narrow temporal range covering both past and present violations."). Thus the phrase "has been imprisoned" when given its ordinary meaning refers to imprisonments that occur at two different temporal periods— imprisonments that occurred in the indefinite past and imprisonments that are still occurring.

Section 600A.8(9) details two different grounds for termination as demarked by the provision's use of the word "or." A comparison of these two prongs evinces that the legislature drafted the first prong to refer to both past and present imprisonment. The section's first prong requires only that "[t]he parent has been imprisoned for a crime against the child." Iowa Code § 600A.8(9). This prong places no qualifiers on the present perfect tense verb "has been," and as discussed above, when this verb is given its plain meaning, it refers to both actions from the indefinite past and those still occurring. In the section's second prong, however, the legislature expressly qualified the ordinary meaning of its

present perfect verb choice "has been imprisoned" by adding "*and* it is unlikely that the parent will be released from prison for a period of five years." *Id.* (emphasis added). It is the legislature's qualifying language and not the phrase "has been imprisoned" that limits the second prong's applicability to parents currently imprisoned. Such qualifying language is not present in the first prong, the prong the district court relied upon to terminate J.J.B.'s parental rights.

Thus, the ordinary meaning of these prongs as written is that a parent currently or previously imprisoned for a sex crime against their child, their child's sibling, or another child in the household can be denied their parental rights, or a parent currently imprisoned for any other crime and unlikely to be released from imprisonment for five years can also have their parental rights terminated.

Moreover, we believe this construction best comports with the statute's apparent purpose. The legislature differentiated the provision's two prongs based upon the nature of the parent's committed offense. Iowa Code § 600A.8(9). The clear purpose behind the legislature's distinction is to provide children with additional protection from sexually abusive parents. Our construction gives meaning to this distinction. If the first prong is construed to require the sex offending parent to currently be imprisoned at the time of the termination hearing, then the only distinction between parents who have committed sex acts against their child, their child's sibling, or another child in the household and parents imprisoned for other crimes is that the parent who has committed the sex act can have their parental rights terminated without regard to whether they are likely to be released from prison in five years. Under our construction, the juvenile courts have grounds to terminate parental rights of parents who have been imprisoned, previously or

currently, for sex acts against their child, their child's sibling, or another child in the household. We think our construction makes the legislature's distinction meaningful and best protects children from sexually abusive parents, one of the apparent intents of section 600A.8(9).

### IV. Application of Statute.

The court of appeals held J.J.B.'s detention in a residential facility constituted "imprisonment" within the meaning of section 600A.8(9) because "imprisonment" as defined by the dictionary means "restrain[t] of [one's] liberty," and J.J.B.'s liberty was restrained while confined in the residential facility. We agree with this determination. *See United States v. Ramirez,* 347 F.3d 792, 809 n.5 (9th Cir. 2003) (Hall, J., concurring in part and dissenting in part) (concluding detention in a juvenile confinement facility constitutes imprisonment because the person is restrained against their will); *Walt v. State,* 727 A.2d 836, 839–40 (Del. 1999) (noting that a half-way house is a form of imprisonment pursuant to the term's dictionary definition); *State v. Quattrocchi,* 687 A.2d 78, 79–80 (R.I. 1996) (finding that home confinement is a form of imprisonment after consulting the term's dictionary meaning). This finding taken in conjunction with our above analysis leads to our conclusion that J.J.B. "has been imprisoned for a crime against the child . . . in the household," and the juvenile court had statutory grounds to terminate J.J.B.'s parental rights.

Once the court has found a statutory ground for termination under a chapter 600A termination, the court must further determine whether the termination is in the best interest of the child. *See In re B.L.A.,* 357 N.W.2d 20, 23 (Iowa 1984). Upon our de novo review of the record, we

affirm the district court's determination that the termination of J.J.B.'s parental rights is in the best interest of A.H.B.

We have not provided a complete analytical framework to determine the best interest of the child under Iowa Code chapter 600A, but we find the statutory best interest framework described in Iowa Code section 232.116(2), (3) to be useful. One of the important considerations in determining the best interests of a child is the child's emotional and psychological health. *See* Iowa Code § 232.116(2) (stating that "physical, mental, and emotional condition and needs" shall be given "primary consideration" in determining whether parental rights should be terminated pursuant to this provision). We will also give weight to the closeness of the parent-child bond. *See* Iowa Code § 232.116(3)(*c*). Finally, "[i]t is well-settled law that we cannot deprive a child of permanency after the [petitioner] has proved a ground for termination . . . by hoping someday a parent will learn to be a parent and be able to provide a stable home for the child." *In re P.L.*, 778 N.W.2d 33, 41 (Iowa 2010).

Although the father's therapist recommended against termination, this recommendation was based on the father's needs, not the child's. She conceded there was no bond, it would take a long time to establish a healthy bond, and a healthy relationship might not be successful. There was no testimony from the therapist that looked at the *child's* best interests. The district court found that there are "justifiable concerns regarding the years of therapy that [the] family would be required to endure in order to re-establish a relationship between [A.H.B.] and his biological father." The district court also concluded that such therapy would be for a "lengthy period of time" and would be "fraught with the potential for tremendous emotional harm." We agree that termination

best protects A.H.B.'s psychological and emotional health. Further, it is significant that A.H.B. likely has no recollection of his father. Thus, "there is [no] clear and convincing evidence that the termination would be detrimental to the child at the time due to the closeness of the parent-child relationship." Iowa Code § 232.116(3)(*c*). We agree with the district court that termination of J.J.B.'s parental rights is in the best interest of A.H.B.

## V. Disposition.

If the words of section 600A.8(9) are given their ordinary meaning, then the provision provides juvenile courts the authority to terminate the parental rights of a parent imprisoned at some time in the indefinite past or imprisoned currently for a sex act against their child, their child's sibling, or a child in their household. This construction is consistent with the statute's purpose to protect children from sexually abusive parents. We also find termination to be in the best interest of the child. We therefore vacate the court of appeals' decision. The district court's order terminating J.J.B.'s parental rights is affirmed.

**DECISION OF COURT OF APPEALS VACATED; DISTRICT COURT ORDER AFFIRMED.**