# IN THE COURT OF APPEALS OF IOWA

No. 17-1564
Filed February 7, 2018

**IN THE INTEREST OF A.S.,**
**Minor Child,**

**H.B. and L.B., Guardians,**
        Petitioners-Appellees,

**B.S., Mother,**
        Respondent-Appellant.
_____

        Appeal from the Iowa District Court for Keokuk County, Crystal S. Cronk,

District Associate Judge.

        A mother appeals the termination of her parental rights under Iowa Code

chapter 600A (2017).  **AFFIRMED.**

        Melissa A. Norman of Lamping, Schlegel & Salazar, L.L.P., Washington, for

appellant.

        Dustin D. Hite of Heslinga, Dixon & Hite, Oskaloosa, for appellees.

        Considered by Doyle, P.J., and Tabor and McDonald, JJ.

**DOYLE, Presiding Judge.**

A mother appeals the termination of her parental rights under Iowa Code chapter 600A (2017). She argues there is insufficient evidence to show she abandoned the child, she failed to provide support for the child, and termination is in the child's best interest. She also argues the juvenile court violated her right to due process by denying her a continuance of the termination hearing.

The child was ten years old when she came to live with a maternal aunt and uncle, who were later appointed the child's legal guardians. The mother, who has a history of substance abuse and criminal activity, had little contact with the child thereafter. After a year and a half, the aunt and uncle filed a petition under chapter 600A, seeking to terminate the mother's parental rights. The juvenile court entered an order terminating the mother's parental rights after a hearing. The mother appeals.

We review termination proceedings under chapter 600A de novo. *See In re R.K.B.*, 572 N.W.2d 600, 601 (Iowa 1998). We give weight to the juvenile court's fact findings, especially those regarding witness credibility, though we are not bound by them. *See id.* As in all termination proceedings, our primary concern is the child's best interest. *See* Iowa Code § 600A.1; *R.K.B.*, 572 N.W.2d at 601.

The juvenile court terminated the mother's parental rights pursuant to Iowa Code section 600A.8(3)(b). Under section 600A.8(3)(b), a parent is deemed to have abandoned a child six months of age or older unless the parent maintains

> substantial and continuous or repeated contact with the child as demonstrated by contribution toward support of the child of a reasonable amount, according to the parent's means, and as demonstrated by any of the following:

(1) Visiting the child at least monthly when physically and financially able to do so and when not prevented from doing so by the person having lawful custody of the child.

(2) Regular communication with the child or with the person having the care or custody of the child, when physically and financially unable to visit the child or when prevented from visiting the child by the person having lawful custody of the child.

(3) Openly living with the child for a period of six months within the one-year period immediately preceding the termination of parental rights hearing and during that period openly holding himself or herself out to be the parent of the child.

The mother argues there is insufficient evidence to show she abandoned the child, claiming the aunt and uncle prevented her from visiting the child. The record does not bear out her claim. The mother did not provide the aunt and uncle with contact information or her address. Despite the mother's ability to contact the child at the aunt and uncle's home, she failed to do so and provided no financial support to the child once in the aunt and uncle's care. The grounds for termination under section 600A.8(3)(b) have been proved.

In order to terminate parental rights, the evidence must show termination is in the child's best interest. *See R.K.B.*, 572 N.W.2d at 602. In determining a child's best interest, we look to the best-interest framework described in Iowa Code section 232.116, *see In re A.H.B.*, 791 N.W.2d 687, 690-91 (Iowa 2010), which requires that we "give primary consideration to the child's safety, to the best placement for furthering the long-term nurturing and growth of the child, and to the physical, mental, and emotional condition and needs of the child," Iowa Code § 232.116(2). Here, the record shows the child was harmed by physical abuse and exposure to drugs in the mother's care. The mother was also unable to provide for the child's needs when the child was in her custody. Conversely, the child is doing well in the care of the aunt and uncle, where she wishes to remain.

The aunt and uncle are seeking to adopt the child in order to provide a permanent home and ensure the child receives the stability and safety she needs. Termination is in the child's best interest. *See In re J.E.*, 723 N.W.2d 793, 802 (Iowa 2006) (Cady, J., concurring specially) (noting the "defining elements in a child's best interest" are the child's safety and "need for a permanent home").

The mother also challenges the juvenile court's refusal to continue the termination hearing. One day before the scheduled hearing date, the mother requested a continuance to allow her attorney to prepare "additional witnesses who may offer pertinent information to the court" on the mother's behalf. When the mother failed to attend the hearing due to "transportation difficulties," her attorney renewed the motion. The juvenile court denied the continuance. We first note that although the mother requested a continuance below, she did not raise the specific claim she asserts on appeal—that the denial of a continuance violated her due process rights—and accordingly, her claim is not preserved. *See In re A.M.*, 856 N.W.2d 365, 371 n. 5 (Iowa 2014) (declining to reach a constitutional claim that was not raised before the district court); *see also In re J.G.*, No. 15–1755, 2016 WL 363747, at *1 (Iowa Ct. App. Jan. 27, 2016). Even if error had been preserved, her claim would fail; the mother received adequate notice of the petition, a hearing, representation, and the opportunity to provide testimony, and was thereby afforded due process. *See In re J.S.,* 470 N.W.2d 48, 52 (Iowa 1991) ("Where a parent receives notice of the petition and hearing, is represented by counsel, counsel is present at the termination hearing, and the parent has an opportunity to present testimony by deposition, we cannot say the parent has been deprived of fundamental fairness.").

We affirm the termination of the mother's parental rights pursuant to Iowa Code section 600A.8(3)(b).

**AFFIRMED.**