**IN THE COURT OF APPEALS OF IOWA**

No. 19-0406
Filed October 23, 2019

**IN THE INTEREST OF A.K. and T.K.,**
**Minor Children,**

**J.E., n/k/a J.H., Mother,**
        Petitioner-Appellee,

**D.P., Father,**
        Respondent-Appellant.
_____


Appeal from the Iowa District Court for Buchanan County, Linnea M.N.

Nichol, District Associate Judge.


A father appeals the termination of his parental rights.  **AFFIRMED.**


Cory R. Gonzales of Law Firm of Cory R. Gonzales PLLC, Strawberry Point,

for appellant.

J.H., Independence, pro se appellee.

John J. Sullivan of Sullivan Law Office, Oelwein, attorney and guardian ad

litem for minor children.


Considered by Bower, C.J., and Vaitheswaran and Doyle, JJ.

**VAITHESWARAN, Judge.**

A mother and father had two children together. Also living in the household were the mother's children from a former relationship. The father sexually abused one of these children. He subsequently pled guilty to third-degree sexual abuse and lascivious acts with a child and was sentenced to prison terms not exceeding ten years and five years respectively, to be served consecutively.

Several years after the father was released from prison, the mother petitioned to terminate the father's parental rights, alleging the father "abandoned the child[ren]" and was "imprisoned for a crime against . . . another child in the household." The district court granted the petition pursuant to Iowa Code section 600A.8(3) (abandonment) and (9) (imprisonment) (2018).

On appeal, the father contends the mother failed to prove the cited grounds for termination. We need not address the abandonment ground because termination was warranted under the imprisonment ground. *See In re Q.G.*, 911 N.W.2d 761, 770–71 (Iowa 2018) (stating imprisoned parent "met the threshold requirement for private termination by clear and convincing evidence. It is thus not necessary for us to decide the abandonment . . . issue" (citing Iowa Code § 600A.8(9))).

Iowa Code section 600A.8(9) authorizes termination where "[t]he parent has been imprisoned for a crime against the child, the child's sibling, or another child in the household, or the parent has been imprisoned and it is unlikely that the parent will be released from prison for a period of five or more years." The provision "details two different grounds for termination as demarked by the provision's use of the word 'or.'" *In re A.H.B.*, 791 N.W.2d 687, 689 (Iowa 2010).

> [A] parent currently *or previously imprisoned* for a sex crime against their child, their child's sibling, or another child in the household can be denied their parental rights, *or* a parent currently imprisoned for any other crime and unlikely to be released from imprisonment for five years can also have their parental rights terminated.

*Id.* at 690 (emphasis added). In other words, "the juvenile courts have grounds to terminate parental rights of parents who have been imprisoned, previously or currently, for sex acts against their child, their child's sibling, or another child in the household." *Id.*

The father does not dispute that he was imprisoned for a sex crime against a child in the household. He argues he was not presently imprisoned "with the unlikelihood of being released for a period of five years" and the child he abused "was over the age of 18 and no longer a member of the household." Under the supreme court's construction of section 600A.8(9), both arguments are immaterial. The first prong of section 600A.8(9) was satisfied because the father was previously imprisoned for a sex crime against a child in the household, and the second prong relating to present imprisonment was not implicated.

The father also argues termination was not in the children's best interests. *See A.H.B.*, 791 N.W.2d at 690 ("Once the court has found a statutory ground for termination under a chapter 600A termination, the court must further determine whether the termination is in the best interest of the child."). The district court found otherwise. After summarizing the father's reasons for wanting contact with the children, the court characterized his testimony as "incredible and self-serving." The court stated,

> [The father]'s interest in his children is not about what is best for the children but rather what is best for him. [The father]'s testimony was full of bravado suggesting that his children could not

help but benefit by their contact with his rehabilitated self but alternated with his desire to force his presence upon them even if they are not interested in having a relationship with him. [The father]'s demeanor was forceful and smug. [The father] cannot understand that sexually abusing their sister has permanently severed the desire of his children to have a relationship with him. If they have a relationship with him, it will be on their own terms, undoubtedly long into the future and at their initiation.

We give weight to the court's credibility finding. *In re R.K.B.*, 572 N.W.2d 600, 601 (Iowa 1998). On our de novo review, we agree with the district court's conclusion that termination of the father's parental rights to the children was in the children's best interests.

**AFFIRMED.**