**IN THE COURT OF APPEALS OF IOWA**

No. 21-0773
Filed November 3, 2021

**IN THE INTEREST OF A.G.,**
**Minor Child,**

**T.B., Mother,**
        Respondent-Appellant,

**L.F. and J.F.,**
        Petitioners-Appellees.
_____

        Appeal from the Iowa District Court for Polk County, Celene Gogerty, Judge.


        A mother appeals the termination of her parental rights under Iowa Code

chapter 600A (2020).  **AFFIRMED.**


        Raya D. Dimitrova of Carr Law Firm, P.L.C., Des Moines, for appellant.

        Ryan Genest of Simpson, Jensen, Abels, Fischer & Bouslog, P.C., Des

Moines, for appellees.

        Jesse Macro of Macro & Kozlowski, L.L.P., West Des Moines, attorney and

guardian ad litem for minor child.


        Considered by Bower, C.J., Schumacher, J., and Doyle, S.J.*

        *Senior judge assigned by order pursuant to Iowa Code section 602.9206

(2021).

**DOYLE, Senior Judge.**

A mother appeals the termination of her parental rights under Iowa Code chapter 600A (2020). She challenges the juvenile court's findings that she abandoned the child and that termination is in the child's best interest. We review these claims de novo. *See In re B.H.A.*, 938 N.W.2d 227, 232 (Iowa 2020). Although we are not bound by the trial court's fact findings, we give weight to them, especially those about witness credibility. *See* Iowa R. App. P. 6.904(3)(g); *In re C.A.V.*, 787 N.W.2d 96, 99 (Iowa Ct. App. 2010).

The child was born in 2015. The mother and the child moved in with the paternal grandmother and her husband before the child was four weeks old. In February 2016, with the consent of the mother and father, the probate court appointed the grandmother and her husband guardians of the child. The mother moved out of the home shortly after while the child has remained in the guardians' care.

The guardians first petitioned to terminate parental rights to the child in 2017. They dismissed the petition in 2018 after consenting to modify the guardianship to provide monthly therapeutic visitation to allow the mother to re-establish a relationship with the child. The mother began those visits in August 2018, but they were temporarily suspended after she cancelled her November 2018 visit. The visits resumed in March 2019. But at her July 2019 visit, the mother told the therapist she would consent to termination of her parental rights. Her final visit with the child was in August 2019, and she has not had contact with the child since.

In May 2020, the guardians again petitioned to terminate parental rights. By the time of the termination hearing, the mother had not seen the child in more than one and one-half years. She had not sent the child any gifts, cards, or letters. The mother admits that she has provided no support to the child since the guardianship was modified in 2018. Nor did she ask about the child until December 2020, more than six months after the termination petition was filed.

Clear and convincing evidence shows the mother has abandoned the child. Abandonment occurs when a parent "rejects the duties imposed by the parent-child relationship, . . . which may be evinced by the person, while being able to do so, making no provision or making only a marginal effort to provide for the support of the child or to communicate with the child." Iowa Code § 600A.2(20). A parent is considered to have abandoned a child six months of age or older

> unless the parent maintains substantial and continuous or repeated contact with the child as demonstrated by contribution toward support of the child of a reasonable amount, according to the parent's means, and as demonstrated by any of the following:
> (1) Visiting the child at least monthly when physically and financially able to do so and when not prevented from doing so by the person having lawful custody of the child.
> (2) Regular communication with the child or with the person having the care or custody of the child, when physically and financially unable to visit the child or when prevented from visiting the child by the person having lawful custody of the child.
> (3) Openly living with the child for a period of six months within the one-year period immediately preceding the termination of parental rights hearing and during that period openly holding himself or herself out to be the parent of the child.

*Id.* § 600A.8(3)(b). At best, the mother's efforts have been marginal. Because she met none of the requirements set forth in section 600A.8(3)(b), we agree the guardians have shown the mother abandoned the child.

We then turn our inquiry to the child's best interest. To terminate parental rights, the evidence must show termination is in the child's best interest. *See In re R.K.B.*, 572 N.W.2d 600, 602 (Iowa 1998). In determining a child's best interest, we look to the framework described in Iowa Code section 232.116, *see In re A.H.B.*, 791 N.W.2d 687, 690-91 (Iowa 2010), which requires that we "give primary consideration to the child's safety, to the best placement for furthering the long-term nurturing and growth of the child, and to the physical, mental, and emotional condition and needs of the child," Iowa Code § 232.116(2).

We agree that termination is in the child's best interest. The mother lived with the child for only a short time early in the child's life and currently has no relationship with her. In contrast, the child has lived with the guardians for almost her entire life and calls them "mom" and "dad." The mother's attempt to re-establish a relationship with the child were short-lived and part of a larger pattern of inconsistent involvement in the child's life. She has failed to provide the child with the stability, just as she has provided no physical, emotional, or financial support. The mother's past performance suggests the quality of the future care she is able to provide. *See B.H.A.*, 938 N.W.2d at 233.

Children do not come equipped with pause buttons. *See In re A.M.*, 843 N.W.2d 100, 112 (Iowa 2014) (holding that the court must not deprive children permanency on the hope that someday the parent will be able to provide a stable home); *In re A.C.*, 415 N.W.2d 609, 614 (Iowa 1987) (noting that if the plan to reconcile parent and child fails, "all extended time must be subtracted from an already shortened life for the children in a better home"). After more than six years in limbo, the child needs and deserves the permanency that termination and

adoption will provide.  This need outweighs the rights and needs of the mother. *See In re C.S.*, 776 N.W.2d 297, 300 (Iowa Ct. App. 2009).  We therefore affirm.

**AFFIRMED.**