**IN THE COURT OF APPEALS OF IOWA**

No. 22-0280
Filed July 20, 2022

**IN THE INTEREST OF M.R. and H.A.,**
**Minor Children**

**L.A.-C., Mother,**
　　　Appellant.
_____

　　　Appeal from the Iowa District Court for Montgomery County, Jennifer Benson Bahr, Judge.


　　　A mother appeals the termination of her parental rights to her children. **AFFIRMED.**


　　　Keith R. Tucker of Woods, Wyatt & Tucker, PLLC, Glenwood, for appellant mother.

　　　Thomas J. Miller, Attorney General, and Ellen Ramsey-Kacena, Assistant Attorney General, for appellee State.

　　　Eric A. Checketts, Glenwood, attorney and guardian ad litem for minor children.


　　　Considered by May, P.J., and Greer and Chicchelly, JJ.

**CHICCHELLY, Judge.**

A mother appeals the termination of her parental rights to two children.[1] She challenges the evidence showing the grounds for termination. She also contends termination is not in the children's best interests. Following a de novo review, *see In re B.H.A.*, 938 N.W.2d 227, 232 (Iowa 2020), we affirm.

The children came to the attention of the Iowa Department of Human Services (DHS) in March 2020 based on concerns that the mother was not providing appropriate care. A medical examination showed that eleven-month-old M.R.'s gross motor skills were delayed, which reflects neglect. Because of the severity of that neglect, the juvenile court removed both children from the mother's care and adjudicated them to be children in need of assistance (CINA).[2]

The mother was offered services to address the concerns that led to removal, but she made minimal progress during the first six months. She attended supervised visits but struggled with the children's appointments, often arriving late if at all. After the mother moved to Nebraska, she could only attend one supervised visit each week. Those visits, which lasted three and one-half hours, strained the mother's parenting ability. The DHS encouraged the mother to return to Iowa to increase her visitation. Her failure to do so suggests she lacks motivation to resume parenting on a full-time basis.

---

[1] The children's father also participated in the juvenile court proceedings. Because he does not participate in this appeal, we limit our discussion to the mother.

[2] H.A. had a speech delay but otherwise appeared to meet development milestones. Concerns for H.A.'s safety centered on H.A.'s age and inability to self protect and the mother's failure to provide consistent caretaking and supervision.

More than one year passed following the CINA adjudication, and the mother was still unable to parent full-time. Visits with the two children remained fully supervised.[3] An evaluation of the mother's parenting skills suggested she may always need support to provide a safe home for the children. There were also concerns about the mother allowing the children around drug use or individuals with sex-abuse or child-abuse convictions. Because of the mother's lack of progress, the State petitioned to terminate parental rights in August 2021. The juvenile court terminated the mother's parental rights to both children under Iowa Code section 232.116(1)(e) (2021). It also terminated the mother's parental rights to H.A. under section 232.116(1)(f) and to M.R. under section 232.116(1)(h).[4]

On appeal, the mother challenges the evidence supporting termination. We need only find the evidence supports termination on one ground found by the juvenile court to affirm. *See In re A.B.*, 815 N.W.2d 764, 774 (Iowa 2012). As for termination under section 232.116(1)(f) and (h), the mother only disputes the showing that the children could not be returned to her care at the time of the termination hearing. *See In re D.W.*, 791 N.W.2d 703, 707 (Iowa 2010) (interpreting the term "at the present time" to mean "at the time of the termination hearing").

---

[3] The mother gave birth to another child in February 2021, but that child is not a subject of these proceedings.
[4] Section 232.116(1)(f) and (h) differ on the age of the child and how long the child is removed from the home. *Compare* Iowa Code § 232.116(f)(1) (applying to children ages four and older), (f)(3) (requiring removal for twelve of the last eighteen months), *with id.* § 232.116(1)(h)(1) (applying to children ages three and younger), (h)(3) (requiring removal for six of the last twelve months). But both paragraphs require a CINA adjudication and clear and convincing evidence that the child cannot be returned to the parent's custody as provided in section 232.102 at present. *See id.* § 232.116(1)(f)(2), (f)(4), (h)(2), (h)(4).

Clear and convincing evidence shows the children cannot be returned to the mother's care. Although the mother argues that her compliance with services shows her commitment to bettering herself, she ignores the results of a parenting skills assessment performed one year after the CINA adjudication. The report recommended returning the children home "under only the most guarded and conditional of circumstances to ensure their safety and success." The mother's ongoing need for prompting to supervise the children during visits supports this recommendation. The report also states that the mother "feels confident with her ability to parent," showing she lacks awareness of her shortcomings. The State proved the grounds for terminating the mother's parental rights to H.A. under section 232.116(1)(f) and to M.R. under section 232.116(1)(h).

The mother also contends that termination is not in the children's best interests. The best-interests analysis requires that we "give primary consideration to the child[ren]'s safety, to the best placement for furthering the long-term nurturing and growth of the child[ren], and to the physical, mental, and emotional condition and needs of the child[ren]." Iowa Code § 232.116(2); *see also In re A.H.B.*, 791 N.W.2d 687, 690–91 (Iowa 2010). The "defining elements" are the children's safety and "need for a permanent home." *In re H.S.*, 805 N.W.2d 737, 748 (Iowa 2011) (citation omitted).

The mother claims termination is not in the children's best interests because she has a strong bond with the children.[5] But in the twenty months that passed

---

[5] Although the mother does not cite section 232.116(3)(c), it provides that the court need not terminate parental rights if termination "would be detrimental to the child . . . due to the closeness of the parent-child relationship." The decision to apply

between the children's removal and the termination hearing, the mother saw the children no more than four hours each week. Even so, the mother cannot resume care of the children. As a result, both the DHS and the guardian ad litem recommended termination.

The mother asks for more time to remedy the issues that led to the children's removal. Under Iowa Code section 232.104(2)(b), the court can continue a child's placement for another six months if doing so will eliminate the need for the child's removal. But doing so requires the court to "enumerate the specific factors, conditions, or expected behavioral changes which comprise the basis for the determination that the need for removal of the child from the child's home will no longer exist at the end of the additional six-month period." Iowa Code § 232.104(2)(b). There is no basis for finding that six more months will change the outcome here. The mother was given far more time to remedy her parenting deficiencies than is required under section 232.116(1)(f) or (h), so we view these proceedings with a sense of urgency. *See In re C.B.*, 611 N.W.2d 489, 494–95 (Iowa 2000). The mother failed to make even modest improvement during these proceedings, and we doubt her ability to do so. The children's best interests require termination.

We affirm the termination of the mother's parental rights to these children.

**AFFIRMED.**

---

this section is discretionary based on the children's best interests. *See In re A.S.*, 906 N.W.2d 467, 475–76 (Iowa 2018).