# IN THE COURT OF APPEALS OF IOWA

No. 22-1729
Filed December 7, 2022

**IN THE INTEREST OF A.J.,**
**Minor Child,**

**J.J., Father,**
Appellant.
_____

Appeal from the Iowa District Court for Story County, Stephen A. Owen, District Associate Judge.


A father appeals the termination of his parental rights to his child.
**AFFIRMED.**


Shannon M. Leighty of Assistant Public Defender, Nevada, for appellant father.

Thomas J. Miller, Attorney General, and Mary A. Triick, Assistant Attorney General, for appellee State.

Nicole S. Facio, Ames, attorney and guardian ad litem for minor child.


Considered by Tabor, P.J., and Schumacher and Chicchelly, JJ.

**CHICCHELLY, Judge.**

A father appeals the order terminating his parental rights to his child.[1] He challenges the grounds for termination and the finding that termination is in the child's best interests. He also argues that termination will harm the child based on the closeness of the parent-child relationship. Because clear and convincing evidence supports termination under Iowa Code section 232.116(1)(h) (2022) and termination is in the child's best interests, we affirm.

The child was born in 2019. Two years later, the juvenile court adjudicated the child in need of assistance (CINA) based on drug use and domestic violence in the home. The child has remained in the same foster home since his removal in May 2021.

At the start of the case, the father performed well. By October 2021, he was allowed overnight visits with the child. Although the statutory time requirements to terminate the father's parental rights were met by November 2021, the juvenile court granted him six more months to have the child returned to his custody.

After the extension, the father's progress halted. His visits returned to supervised after the father tested positive for methamphetamine in November 2021. The father kept using methamphetamine until he began serving a sixty-day jail sentence in September 2022, two weeks before the termination hearing. The father admitted his position had worsened since the juvenile court granted him additional time.

---

[1] The order also terminated the mother's parental rights, but she does not appeal.

The juvenile court terminated the father's parental rights under Iowa Code section 232.116(1)(e), (h), and (*l*). We may affirm if there is sufficient evidence supporting one of those grounds. *See In re A.B.*, 815 N.W.2d 764, 774 (Iowa 2012). We focus our analysis on section 232.116(1)(h).

The father challenges the evidence showing the child could not be returned to his custody at the time of the termination hearing without facing the risk of harm sufficient for a CINA adjudication. *See* Iowa Code § 232.116(1)(h)(4); *In re D.W.*, 791 N.W.2d 703, 707 (Iowa 2010). The father concedes that he was incarcerated at the time of the termination hearing, but claims that the child could be returned to his custody "in less than six months." Essentially, the father is again asking for more time. *See* Iowa Code § 232.104(2)(b) (stating the court can continue the child's placement for six months if doing so will eliminate the need for the child's removal). Before the court can grant more time, it must "enumerate the specific factors, conditions, or expected behavioral changes which comprise the basis for the determination that the need for removal of the child from the child's home will no longer exist at the end of the additional six-month period." Iowa Code § 232.104(2)(b).

In support of his argument, the father claims that his sentence would be finished in six and one-half weeks, at which time his full-time job and apartment will be "waiting for him." He points out that he will have sixty days of sobriety due to his incarceration. But his argument is undercut by his past performance. *See In re A.A.G.*, 708 N.W.2d 85, 92 (Iowa Ct. App. 2005) ("Case history records are entitled to much probative force when a parent's record is being examined."). The juvenile court already granted the father one extension of time based on the

progress he made at the start of the CINA proceedings. That progress then deteriorated. In the ten months since, nothing has changed for the better. Considering the father's six-year struggle with substance abuse and his three unsuccessful attempts at treatment during these proceedings, there is no basis for finding six more months will make a difference.

Because the grounds for termination under section 232.116(1)(h) are met, we turn to the child's best interests. In determining best interests, we use the framework described in section 232.116(2). S*ee In re A.H.B.*, 791 N.W.2d 687, 690–91 (Iowa 2010). That provision requires that we "give primary consideration to the child's safety, to the best placement for furthering the long-term nurturing and growth of the child, and to the physical, mental, and emotional condition and needs of the child." Iowa Code § 232.116(2). The "defining elements" of the best-interests analysis are the child's safety and "need for a permanent home." *In re H.S.*, 805 N.W.2d 737, 748 (Iowa 2011) (citation omitted).

The clear evidence shows the father cannot fill the role of parent at any point soon. The supreme court has made clear that "we cannot deprive a child of permanency after the State has proved a ground for termination under section 232.116(1) by hoping someday a parent will learn to be a parent and be able to provide a stable home for the child." *In re A.M.*, 843 N.W.2d 100, 112 (Iowa 2014) (citation omitted). Rather, once the time limits set forth by the legislature in section 232.116(1) have run, we view termination proceedings "with a sense of urgency." *In re C.B.*, 611 N.W.2d 489, 494–95 (Iowa 2000). While the father squandered the extra time the juvenile court gave him, the foster parents have

provided the child with a safe, stable home since May 2021.  They are prepared to adopt the child, which is in the child's best interests.

Finally, the father seeks to avoid termination by arguing it will be "detrimental to the child at the time due to the closeness of the parent-child relationship."  Iowa Code § 232.116(3)(c) (providing that the court "need not terminate the relationship between the parent and child" under this circumstance).  Although the child shares some bond with the father, "the existence of a bond is not enough."  *In re A.B.*, 956 N.W.2d 162, 169 (Iowa 2021).  The father fails to show that terminating the parent-child bond will be more detrimental to the child than not.  *See In re W.M.*, 957 N.W.2d 305, 315 (Iowa 2021).  The evidence instead shows the child views his foster parents as his primary caregivers and is "very integrated into that home and comfortable."  Because section 232.116(3)(c) does not apply, we affirm the order terminating the father's parental rights.

**AFFIRMED.**