# IN THE COURT OF APPEALS OF IOWA

No. 23-0553
Filed January 10, 2024

**IN THE INTEREST OF C.F., H.F., and N.F.,**
**Minor Children,**

**N.F., Father,**
      **Petitioner-Appellee**

**A.D., Mother,**
      **Respondent-Appellant.**
_____

Appeal from the Iowa District Court for Humboldt County, Hans Becker, District Associate Judge.

A mother appeals the termination of her parental rights under Iowa Code chapter 600A (2022). **AFFIRMED.**

Barbara J. Westphal, Belmond, for appellant

Nicholas Ferry, Dakota City, self-represented appellee.

Neven J. Conrad of Conrad Law Firm, Laurens, attorney and guardian ad litem for minor children.

Considered by Greer, P.J., and Schumacher and Ahlers, JJ.

**AHLERS, Judge.**

The father of three children—born in 2013, 2014, and 2017—filed a petition seeking to terminate the parental rights of the children's mother based on abandonment pursuant to Iowa Code section 600A.8(3)(b) (2022).[1]

A parent petitioning for termination of the other parent's parental rights pursuant to chapter 600A must prove two elements by clear and convincing evidence. *In re Q.G.*, 911 N.W.2d 761, 770 (Iowa 2018). The first element requires proof that statutory grounds for termination exist, and the second element requires proof that termination of parental rights is in the children's best interests. *Id.* Following a hearing, the juvenile court found that the father established the first element by proving the mother had abandoned the children within the meaning of section 600A.8(3)(b). The court also found termination of the mother's rights to be in the children's best interests.

The mother appeals. She challenges neither the statutory grounds nor the best-interests finding in general. Instead, she asserts more precisely that, when making its best-interests finding, the juvenile court gave inadequate weight to the

---

[1] The mother has a fourth child, born in 2018. Because the fourth child was born during the marriage of the mother and father of the oldest three children, the father of the oldest three children is the legal father of the fourth child. *See* Iowa Code §§ 144.13(2) (requiring the husband of the mother to be named as the father on a child's birth certificate "[i]f the mother was married at the time of conception, birth, or at any time during the period between conception and birth"), 252A.3(4) ("A child or children born of parents who, at any time prior or subsequent to the birth of such child, have entered into a civil or religious marriage ceremony, shall be deemed the legitimate child or children of both parents, regardless of the validity of such marriage."). Nevertheless, all parties acknowledge that the father of the oldest three children is not the biological father of the fourth child. As the fourth child is not a party to this proceeding, our references to "the father" throughout this opinion refer to the father of the three oldest children.

children's bonds with their younger half-sibling. She contends it is not in the children's best interests to terminate her rights because the children would be better off maintaining the familial relationship with their half-sibling.

We review private terminations under Iowa Code chapter 600A de novo. *In re B.H.A.*, 938 N.W.2d 227, 232 (Iowa 2020). We give weight to the trial court's factual findings, particularly when considering credibility of witnesses, but we are not bound by them. *Id.* We give "due consideration" to the parents' interests, but our "paramount consideration" is the best interests of the children. *Id.* (citation omitted).

Following our de novo review, we agree with the juvenile court that termination is in the children's best interests. Iowa Code section 600A.1(2) sets forth the meaning of the "best interest of a child," requiring that the parent "affirmatively assume the duties encompassed by the role of being a parent." Among other factors, we must consider whether the parent has fulfilled the parent's financial obligations, demonstrated continued interest in the children, made a genuine effort to maintain communication with the children, and established and maintained a place of importance in the children's lives. Iowa Code § 600A.1(2). First and foremost, we consider the children's safety and "the best placement for furthering the long-term nurturing and growth of the child[ren]." *B.H.A.*, 938 N.W.2d at 232 (quoting Iowa Code § 232.116(2)); *see also In re A.H.B.*, 791 N.W.2d 687, 690 (Iowa 2010) (recognizing the best-interest framework from chapter 232 cases is helpful when assessing best interests in chapter 600A cases).

The mother builds her best-interests argument on the premise that termination would impair the children's relationships with their younger half-sibling. But nothing in the record suggests that terminating the mother's rights will cut off the relationships between the children and their half-sibling. The younger half-sibling currently resides in the same home as these three children with the father and his wife. The record establishes this is a good home for all four children. While there may be some emotional difficulties that come with the mother having a relationship with the half-sibling while not having a legal relationship with the other three children, the benefits of termination to the three children overwhelmingly outweigh that potential problem. *See In re M.W.*, 876 N.W.2d 212, 224–25 (Iowa 2016) (finding termination of parental rights with respect to two children to be in their best interests while the children continue to reside with their younger half-sibling).

While the mother does not directly attack the juvenile court's best-interests determination in general, choosing instead to target the legal relationships between the four siblings, we find it worthwhile to address the bases for such determination, as our best-interests determination on our de novo review looks at the entire picture. That review reveals that the mother's contact with the children has been minimal and sporadic. She admits she has visited and called them far less than she should have, claiming she was too ashamed to see or talk to them. She has made no effort to support them financially. She struggles with substance abuse, admitting she last used methamphetamine only a few weeks before the termination hearing. She also maintains a long-standing relationship with an

abusive partner—the father of the younger half-sibling—who also uses drugs.[2] *See In re J.R.*, No. 17-0556, 2017 WL 2684405, at *3 (Iowa Ct. App. June 21, 2017) ("The threat to children posed by domestic violence in their home may serve as the basis for terminating parental rights."). The mother has used drugs while caring for the half-sibling. In short, the mother's unreliability, drug use, and domestic issues have had a negative effect on the children, who are freshly hurt by her failure to visit and communicate with them each time she reaches out and who worry about her well-being. *See B.H.A.*, 938 N.W.2d at 232 ("Of importance is the child's emotional and psychological health . . . ."). Two of the children have stopped calling her "mom", demonstrating her lessening place of importance in their lives. *See* Iowa Code § 600A.1(2); *see also B.H.A.*, 938 N.W.2d at 232 ("Of importance is . . . the closeness of the parent-child bond."). She has done nothing to "affirmatively assume[] the duties of a parent." Iowa Code § 600A.1(2).

In contrast, the father has provided a stable and loving home for the children and has done so their whole lives. The father's wife has proved to be a positive presence in their lives and has stepped into a parental role for the children. She is also eager to adopt them. *See In re G.A.*, 826 N.W.2d 125, 131 (Iowa Ct.

---

[2] The mother claimed that her only current contact with the abusive partner is communication about their shared child. But the juvenile court noted that this claimed development occurred only a few weeks prior to the termination hearing, and the court was "unconvinced that their romantic relationship is actually over." We give this credibility finding considerable weight. *See State v. Tague*, 676 N.W.2d 197, 201 (Iowa 2004) ("We give considerable deference to the trial court's findings regarding the credibility of the witnesses, but are not bound by them."). Giving due deference to the juvenile court's credibility finding, we also are not persuaded that the mother's romantic relationship with her abusive partner is in the past.

App. 2012) (noting a stepparent's willingness to adopt as a favorable consideration in assessing whether termination served the child's best interest).

After our de novo review, we agree with the juvenile court that termination of the mother's parental rights is in the children's best interests. We affirm the juvenile court's ruling terminating the mother's parental rights.

**AFFIRMED.**