# IN THE COURT OF APPEALS OF IOWA

No. 24-0494
Filed July 23, 2025

**IN THE INTEREST OF B.K.,**
**Minor Child,**

**A.E.,**
    Petitioner-Appellee,

**R.K.,**
    Respondent-Appellant.

_____

Appeal from the Iowa District Court for Union County, Monty Franklin, Judge.

A father appeals the juvenile court's order terminating his parental rights to his child. **AFFIRMED.**

Chira L. Corwin of Corwin Law Firm, Des Moines, for appellant.

Benjamin Folladori of Marberry Law Firm, P.C., Urbandale, for appellee.

Karen A. Taylor of Taylor Law Offices, P.C., Des Moines, attorney and guardian ad litem for minor child.

Considered without oral argument by Ahlers, P.J., and Badding and Buller, JJ.

**AHLERS, Presiding Judge.**

A mother of two filed this action seeking to terminate the parental rights of her younger child's father[1] after he pleaded guilty to and was sent to prison for lascivious acts with a child (a class "C" felony). The victim of his crime was the mother's older child. The juvenile court terminated the father's rights under Iowa Code section 600A.8(9) and (10) (2023). The father appeals.

To terminate the father's parental rights under chapter 600A, the mother must prove by clear and convincing evidence that (1) a statutory ground for termination exists and (2) termination is in the child's best interest. *See In re B.H.A.*, 938 N.W.2d 227, 232 (Iowa 2020). The juvenile court found that the mother proved both.

On appeal, the father raises two issues. First, he contends the mother failed to prove a statutory ground for termination because the evidence was insufficient to show that he would not be released from prison within five years. Second, he contends the mother failed to prove that termination of his parental rights was in the child's best interests. The first issue partly involves an issue of statutory interpretation, which we review for correction of errors at law. *See In re A.H.B.*, 791 N.W.2d 687, 689 (Iowa 2010). The second issue and the remainder of the first issue are reviewed de novo. *See id.* at 688–89.

**I.      Statutory Ground for Termination**

As noted, the juvenile court terminated the father's rights under Iowa Code section 600A.8(9) and (10). When the court relies on more than one ground for

---

[1] As the father of the mother's older child is not at issue in this appeal, all references to the father in this opinion refer to the father of the younger child.

terminating a parent's rights, we only need to find sufficient evidence supporting one ground to affirm. *See In re Q.G.*, 911 N.W.2d 761, 770–71 (Iowa 2018) (declining to address other grounds for termination under chapter 600A after finding one ground for termination); *see also In re Z.M.H.*, No. 20-0897, 2020 WL 7021568, at *2 (Iowa Ct. App. Nov. 30, 2020). We choose to focus on section 600A.8(9).

Section 600A.8(9) authorizes termination if "[t]he parent has been imprisoned for a crime against the child, the child's sibling, or another child in the household, or the parent has been imprisoned and it is unlikely that the parent will be released from prison for a period of five or more years." The father does not contest the fact that he has been imprisoned for a crime against a child who was his child's sibling and/or who lived in his child's household. Instead, he contends the requirements for termination under section 600A.8(9) were not met because his ten-year prison sentence carries no mandatory minimum term, and there is insufficient proof that he will remain incarcerated for five or more years.

The father's argument either misinterprets section 600A.8(9) or overlooks part of it. The "or" in that section creates two different ways to terminate his rights. *See A.H.B.*, 791 N.W.2d at 689 ("Section 600A.8(9) details two different grounds for termination as demarked by the provision's use of the word 'or.'"). If either way is established, termination is statutorily authorized. *Id.* The father focuses on the second way, but he overlooks the first. The first way only requires proof that "[t]he parent *has been imprisoned* for a crime against the child, the child's sibling, or another child in the household." *Id.* (quoting Iowa Code § 600A.8(9)). As noted, the father does not contest this way of establishing a ground for termination—nor

could he, as our de novo review of the record shows that the father has been imprisoned for a crime against his child's half-sibling who resided in the same household. As such, a ground for termination under section 600A.8(9) has been established, and we need not address termination under section 600A.8(10). *See Q.G.*, 911 N.W.2d at 770–71.

## II.    Best Interests of the Child

The father asserts that, even if a statutory ground for termination has been established, the mother failed to prove by clear and convincing evidence that termination of his parental rights is in the child's best interests. In assessing the best interests of the child under chapter 600A, we consider whether a parent has actively assumed the responsibilities of parenthood. This includes evaluating the parent's fulfillment of financial obligations, demonstrated interest in the child, efforts to maintain communication, and the extent to which the parent has established and maintained a place of importance in the child's life. Iowa Code § 600A.1(2). We also consider the statutory framework outlined in chapter 232, which directs the court to "give primary consideration to the child's safety, to the best placement for furthering the long-term nurturing and growth of the child, and to the physical, mental, and emotional condition and needs of the child." *Id.* § 232.116(2); *see A.H.B.*, 791 N.W.2d at 690–91 (finding it useful to apply the best-interest framework of section 232.116(2) and (3) to the best-interest analysis under chapter 600A).

In support of his argument, the father points to evidence of the mother's prior criminal history and the testimony of his witnesses attesting to his positive involvement in his child's life. The mother acknowledges that the father was active

in the child's upbringing. However, this evidence does not outweigh the serious concerns arising from the father's lascivious acts with the child's half-sister and his continued refusal to take responsibility for that abuse.

During the termination hearing, the father testified that he never sexually abused his child's half-sibling and that he lied to the judge when he admitted committing lascivious acts with her when he pleaded guilty. Based on this testimony, the juvenile court found the father was either lying when he pleaded guilty or was lying now, so the court found the father's testimony to be wholly lacking in credibility, stating: "his credibility is nonexistent and his testimony in this proceeding is not reliable and not persuasive." Even with de novo review, we give considerable weight to this credibility finding, *see B.H.A.*, 938 N.W.2d at 232, and we conclude that the father did commit lascivious acts with his child's half-sibling and refuses to take responsibility for his crime. His refusal to accept responsibility for committing a sex-based crime against a minor supports the conclusion that terminating his parental rights to his child is in the child's best interests. *See In re J.S.*, 470 N.W.2d 48, 51 (Iowa Ct. App. 1991) (noting that a parent's refusal to accept responsibility for prior abuse is relevant in evaluating the parent's future ability to safely parent).

The child has also expressed a clear desire to refrain from communicating with the father and his family, with the sole exception of the father's other child (the half-brother of the child at issue). This supports the conclusion that the father has failed to maintain a place of significance in the child's life and that termination of his parental rights would be in the child's best interests. Following our de novo review, we agree with this assessment by the juvenile court:

Children rely on their parents for all their care needs. A parent's ability and willingness to supply these needs are of the utmost importance. The ability of a parent, however, is moot if that parent is unwilling to recognize the child's needs as being paramount. . . . [The father's] perverted, criminal actions and behaviors clearly indicate that he made his needs and desires his priority, above his relationship with [the child] and his availability to meet her care needs.

[The father] indicates that he is [the child]'s father and wants to be a part of her life. The Court agrees that [the child] should have a father in her life, but only if that father is a positive part of her life. As a result of his criminal behaviors, [the father] has failed to fulfill his duties and obligations as a father to [the child] and has not been able to maintain any significant and meaningful contact with [the child] since July 5, 2023, when he last had contact with [her]. [The child] has told everyone that she wants no contact whatsoever with [the father] and does not want him to be a part of her life.

[The child]'s attitude towards [the father] is easily understandable and is reasonable under the circumstances involved. Requiring that [the child] have a relationship with [the father] would cause [the child] significant distress and emotional trauma. It would be in [the child]'s best interests to terminate [the father]'s parental rights so that [the child] can be provided with the stability, security, and permanency that she needs and that is in her best interests.

For these reasons, we conclude that the mother proved by clear and convincing evidence that termination of the father's parental rights is in the child's best interest.

## III. Conclusion

The juvenile court correctly concluded that the mother established a statutory ground for termination under section 600A.8(9) and that termination is in the child's best interest. Accordingly, we affirm the termination of the father's parental rights.

**AFFIRMED.**