**IN THE COURT OF APPEALS OF IOWA**

No. 25-1161
Filed September 17, 2025

**IN THE INTEREST OF B.L. and A.L.,**
**Minor Children,**

**G.K., Mother,**
     Appellant.

_____

Appeal from the Iowa District Court for Wapello County, Richelle Mahaffey, Judge.

A mother appeals the termination of her parental rights. **AFFIRMED.**

Larry J. Pettigrew of Pettigrew Law Firm, P.C., Newton, for appellant mother.

Brenna Bird, Attorney General, and Natalie Hedberg, Assistant Attorney General, for appellee State.

Samuel K. Erhardt, Ottumwa, attorney and guardian ad litem for minor children.

Considered without oral argument by Ahlers, P.J., and Chicchelly and Sandy, JJ.

**CHICCHELLY, Judge.**

The mother appeals the termination of her parental rights to two children: A.L., born in 2015, and B.L., born in 2019. She challenges the juvenile court's findings that (1) termination is in the children's best interests and (2) no permissive exception applies. After our de novo review, we affirm.

## I. Background Facts and Proceedings

The family came to the attention of the Iowa Department of Health and Human Services (HHS) in May 2024. There were concerns about the mother's mental health stemming from an incident when the mother displayed erratic and paranoid behavior during the children's dental appointment.

In May 2024, the mother was arrested for committing criminal mischief. As a result, the juvenile court removed B.L. and A.L. from the mother's custody and placed them with the children's father. The juvenile court adjudicated each to be a child in need of assistance.

The juvenile court ordered HHS to provide the mother services including a mental-health evaluation and treatment. The juvenile court found the mother's mental-health concerns persisted throughout the pendency of the case. The mother did not meaningfully engage in services, declining to participate in mental-health treatment. The mother regularly had mental-health episodes during which she behaved erratically. One of the most concerning came in January 2025 when the mother attempted to kidnap the children from school and flee the state. The mother was charged with several offenses stemming from this incident, including kidnapping in the third degree.

The State petitioned to terminate the mother's parental rights under Iowa Code section 232.116(1)(e), (f), (k), and (*l*) (2025). After a joint hearing on permanency and termination of parental rights was held, the juvenile court granted the State's petition and terminated the mother's parental rights under Iowa Code section 232.116(1)(e) and (f). The mother timely appealed.

## II. Discussion

### a. Best Interests

We determine the children's best interests using the framework described in section 232.116(2). *See In re A.H.B.*, 791 N.W.2d 687, 690–91 (Iowa 2010). That provision requires that we "give primary consideration to the child's safety, to the best placement for furthering the long-term nurturing and growth of the child, and to the physical, mental, and emotional condition and needs of the child." Iowa Code § 232.116(2). The "defining elements" of the best-interests analysis are the child's safety and "need for a permanent home." *In re H.S.*, 805 N.W.2d 737, 748 (Iowa 2011) (citation omitted).

Here, the children's safety is of great concern, based primarily on the mother's unaddressed mental-health issues. A parent's past performance "may be indicative of the quality of the future care that parent is capable of providing." *See In re A.B.*, 815 N.W.2d 764, 778 (Iowa 2012) (citation omitted). So "[r]ather than speculate about what the future holds for" a parent, "it is more accurate to look in the rear-view mirror and make a decision for [the children] based on what has already happened." *In re J.H.*, 952 N.W.2d 157, 171 (Iowa 2020) (citation omitted). Throughout the duration of the juvenile case, the mother refused to meaningfully participate in mental-health services offered by HHS. The mother

attempted to kidnap the children and flee the state. The mother's mental-health concerns remain unaddressed, and "[w]e do not gamble with the children's future by asking them to continuously wait for a stable biological parent, particularly at such tender ages." *In re D.W.*, 791 N.W.2d 703, 707 (Iowa 2010) (cleaned up). Because safety concerns persisted throughout the course of these proceedings and continue today, we find termination is in the children's best interests.

### b. Permissive Exceptions

Next, the mother argues the juvenile court erred by not applying a permissive exception to termination. She contends the permissive exceptions found in Iowa Code section 232.116(3)(a) and (e) should apply. The first exception states termination is not necessary where a "relative has legal custody of the child." Iowa Code § 232.116(3)(a). The second exception states the court need not terminate the parent-child relationship if it finds "[t]he absence of a parent is due to the parent's admission or commitment to any institution, hospital, or health facility or due to active service in the state or federal armed forces." *Id.* § 232.116(3)(e).

We decline to reach the merits of this argument because the mother has not preserved error on this claim. We reach this conclusion because the mother never raised the issue of a permissive exception with the juvenile court. *See In re E.W.*, No. 22-0647, 2022 WL 2347196, at *3 (Iowa Ct. App. June 29, 2022) (finding father did not preserve error on his claim regarding the applicability of an exception to termination because he did not raise the issue in the juvenile court).

We affirm the termination of the mother's parental rights.

**III. Conclusion**

Because we find termination is in the best interests of the children and the mother failed to preserve error on her permissive exception claims, we affirm the termination of her parental rights.

**AFFIRMED.**