**IN THE COURT OF APPEALS OF IOWA**

No. 22-0606
Filed June 15, 2022

**IN THE INTEREST OF K.T.,**
**Minor Child,**

**J.T., Father,**
　　Appellant.

_____

　　Appeal from the Iowa District Court for Franklin County, Peter B. Newell, District Associate Judge.

　　A father appeals the termination of his parental rights to his child. **AFFIRMED.**

　　Barbara J. Westphal, Belmond, for appellant father.

　　Thomas J. Miller, Attorney General, and Diane Murphy Smith, Assistant Attorney General, for appellee State.

　　Alesha M. Sigmeth Roberts of Sigmeth Roberts Law, P.L.C., Clarion, guardian ad litem for minor child.

　　Considered by May, P.J., and Greer and Chicchelly, JJ.

**CHICCHELLY, Judge.**

A father appeals the termination of his parental rights to his seven-year-old child.[1] He challenges the finding that termination is in the child's best interests. He also argues that termination will be detrimental to the child and asks for more time for reunification. Following our de novo review, *see In re B.H.A.*, 938 N.W.2d 227, 232 (Iowa 2020), we agree that termination is in the child's best interests and there is no reason to delay permanency. We thus affirm.

The events leading to termination began in March 2021, when the father was twice hospitalized based on concerns over his mental health. During one of the hospitalizations, he tested positive for methamphetamine. The father has a long history of substance use and past involvement with the Iowa Department of Human Services (DHS). Because of his relapse and mental health, the juvenile court removed the child from the father's care and adjudicated the child in need of assistance (CINA). The child was placed with the paternal grandparents.

At the start of the case, the father was described as "proactive" in addressing the DHS's recommendations for addressing his mental health and substance use. But his participation in the services offered to him waned after a few months. He tested positive for methamphetamine in July 2021 and January 2022, and he self-reported using on other occasions. His last admitted use of methamphetamine was about two weeks before the March 2022 termination hearing.

---

[1] The juvenile court terminated the mother's parental rights to the child in 2019.

Because the father failed to make progress after one year, the State petitioned to terminate the father's parental rights. The father failed to attend the March 2022 termination hearing. Shortly after, the juvenile court terminated the father's parental rights to the child under Iowa Code section 232.116(1)(*l*) (2022), finding he has "a severe substance-related disorder [that] presents a danger to [him]self or others as evidenced by prior acts." The father does not dispute the State proved the grounds for termination.

We first address the father's argument on the child's best interests. In determining best interests, we look to the framework described in section 232.116(2). S*ee In re A.H.B.*, 791 N.W.2d 687, 690–91 (Iowa 2010). That provision requires that we "give primary consideration to the child's safety, to the best placement for furthering the long-term nurturing and growth of the child, and to the physical, mental, and emotional condition and needs of the child." Iowa Code § 232.116(2). The "defining elements" of the best-interests analysis are the child's safety and "need for a permanent home." *In re H.S.*, 805 N.W.2d 737, 748 (Iowa 2011) (citation omitted). And we may glean insight to a child's future "from evidence of the parent's past performance, for that performance may be indicative of the quality of the future care that parent is capable of providing." *B.H.A.*, 938 N.W.2d at 233 (citation omitted).

We agree that termination is in the child's best interests. The father has significant issues with substance use and his mental health that persist despite the offer of services aimed at addressing them. His participation in services, including visitation with the child, was inconsistent throughout the CINA proceedings. Because of his ongoing substance-use and mental-health issues, the father cannot

care safely for the child. And we will not deprive the child of permanency based on the hope that someday the father will be able to do so. *See In re A.M.*, 843 N.W.2d 100, 112 (Iowa 2014). The child has spent the past year in the care of the paternal grandparents, who have provided the consistent, nurturing, and safe home the father cannot.

The father claims termination "would be detrimental to the child . . . due to the closeness of the parent-child relationship." Iowa Code § 232.116(3)(c). The father bears the burden of showing termination would be detrimental to the child. *See In re A.S.*, 906 N.W.2d 467, 475–76 (Iowa 2018). And even if the father shows termination would be detrimental to the child because of the close nature of the bond between them, the decision to avoid terminating parental rights on this basis is "permissive, not mandatory." *Id.* at 475. We therefore use our discretion in deciding whether to apply section 232.116(3)(c) to save the parent-child relationship based on the facts of each case and the child's best interests. *See id.* The facts before us do not support applying section 232.116(3)(c) to preserve the parent-child relationship.

Finally, the father asks us to delay permanency to allow him more time for reunification. Under Iowa Code section 232.104(2)(b), the court can continue the child's placement for another six months if doing so will eliminate the need for the child's removal. But doing so requires the court to "enumerate the specific factors, conditions, or expected behavioral changes which comprise the basis for the determination that the need for removal of the child from the child's home will no longer exist at the end of the additional six-month period." Iowa Code § 232.104(2)(b). Given the father's failure to address his substance-use and

mental-health issues during the past year, there is no basis for finding he will improve significantly in the next six months. *See B.H.A.*, 938 N.W.2d at 233 (noting a parent's past performance shows the quality of the future care that parent can provide). We decline to apply section 232.104(2)(b) to delay permanency.

For all these reasons, we affirm the termination of the father's parental rights to his child.

**AFFIRMED.**