**IN THE COURT OF APPEALS OF IOWA**

No. 22-1255
Filed September 21, 2022

**IN THE INTEREST OF A.G.,**
**Minor Child,**

**M.M., Mother,**
    Appellant.
_____

Appeal from the Iowa District Court for Polk County, Kimberly Ayotte, District Associate Judge.


A mother appeals the termination of her parental rights to her child.
**AFFIRMED.**


Clarissa Argueta, Des Moines, for appellant mother.

Thomas J. Miller, Attorney General, and Michelle R. Becker, Assistant Attorney General, for appellee State.

Erin E. Romar of the Youth Law Center, Des Moines, attorney and guardian ad litem for minor child.


Considered by Ahlers, P.J., and Badding and Chicchelly, JJ.

**CHICCHELLY, Judge.**

A mother appeals the termination of her parental rights to her child. She contests the grounds for termination and the determination that termination is in the child's best interests. She also seeks more time for reunification. We review her claims de novo. *See In re B.H.A.*, 938 N.W.2d 227, 232 (Iowa 2020). Finding the State proved the grounds for termination, termination is in the child's best interests, and there is no reason to delay permanency, we affirm.

The child was removed from the home based on concerns about physical abuse perpetrated by the mother in April 2021. The child, then ten years old, was found alone in a park one and one-half miles from home with visible injuries to her face and arms. The child reported the mother had struck her with a belt and kicked her out of the home. The mother admitted to hitting the child with a belt.[1] The juvenile court adjudicated the child in need of assistance (CINA) and confirmed the child's placement in foster care.

One year after the CINA adjudication, the juvenile court terminated the mother's parental rights under Iowa Code section 232.116(1)(f) and (i) (2022). The mother challenges the evidence supporting both grounds for termination. We need only find the evidence supports termination on one ground to affirm. *See In re A.B.*, 815 N.W.2d 764, 774 (Iowa 2012). The mother disputes the showing under paragraph (f) that "the child cannot be returned to the custody of the child's parents as provided in section 232.102." Iowa Code § 232.116(1)(f)(4). A child cannot not be returned home if the child will suffer harm that could amount to a new CINA

---

[1] The mother was arrested and later pled guilty to one count of child endangerment for leaving the child unsupervised in the park.

termination.  *See id.* § 232.102(9); *In re S.O.*, 967 N.W.2d 198, 208 (Iowa Ct. App. 2021).

Clear and convincing evidence shows the child cannot be returned to the mother's care without exposing the child to harm that could amount to a new CINA adjudication.  Over the years, the child alleged "numerous incidents of abuse" by the mother.  Although the reports were not confirmed, the record shows the child either recanted or changed her story out of fear of retaliation by the mother.  One of the child's siblings corroborated that the mother used excessive physical discipline.  The mother, however, denied ever using physical discipline apart from the incident that led to the CINA adjudication.  The mother also denied telling the child that God told her to hit the child, contradicting both the child and a Family Support Specialist who overhead her.  Despite having done all that has been asked of her in the year following the CINA adjudication, the mother failed to take accountability for the abuse she perpetrated or gain insight into how her actions affect the child.  On the recommendation of the child's therapist, the mother has not visited the child since August 2021.  The child's therapist advised that resuming unwanted contact between mother and child could upend the child's progress.  At the time of the termination hearing, merely talking about the mother caused the child stress and anxiety.  The evidence shows that the child would be imminently likely to suffer mental injury or physical abuse if returned to the mother's care at the time of the termination hearing.

The mother also challenges the finding that terminating her parental rights is in the child's best interests.  To determine the child's best interests, we use the framework described in section 232.116(2).  S*ee In re A.H.B.*, 791 N.W.2d 687,

690–91 (Iowa 2010). That provision requires that we "give primary consideration to the child's safety, to the best placement for furthering the long-term nurturing and growth of the child, and to the physical, mental, and emotional condition and needs of the child." Iowa Code § 232.116(2). The "defining elements" of the best-interests analysis are the child's safety and "need for a permanent home." *In re H.S.*, 805 N.W.2d 737, 748 (Iowa 2011) (citation omitted).

The child's best interests are served by terminating the mother's rights. Clear and convincing evidence shows the child would be placed at risk of harm if returned to the mother's care. The child, now twelve, was outspoken about not wanting to visit with or return to the mother's care. The Iowa Department of Health and Human Services worker testified that the child "made it very, very clear that she . . . did not feel safe going back home." In contrast, as the district court noted,

> The child is currently placed with a family that meets the criteria of a long-term, nurturing home, and should not have to wait any longer for a permanent home. [The child] has expressed her desire to remain in this home. She feels safe and secure and has her physical and emotional needs met.

On the facts before us, we affirm termination of the mother's parental rights. *See In re R.L.*, 541 N.W.2d 900, 903 (Iowa Ct. App. 1995) ("Long-term foster care is not preferred to termination of parental rights.").

Finally, the mother asks for more time to remedy the issues that led to the child's removal. Under Iowa Code section 232.104(2)(b), the court can continue the child's placement for another six months if doing so will eliminate the need for the child's removal. But doing so requires the court to "enumerate the specific factors, conditions, or expected behavioral changes which comprise the basis for the determination that the need for removal of the child from the child's home will

no longer exist at the end of the additional six-month period." Iowa Code § 232.104(2)(b).

We note that section 232.116(1)(f)(3) grants a troubled parent twelve months to remedy the circumstance that led to a child's removal. Once that period passes, we view termination proceedings with a sense of urgency. *See In re C.B.*, 611 N.W.2d 489, 494–95 (Iowa 2000). "It is well-settled law that we cannot deprive a child of permanency after the State has proved a ground for termination under section 232.116(1) by hoping someday a parent will learn to be a parent and be able to provide a stable home for the child." *In re A.M.*, 843 N.W.2d 100, 112 (Iowa 2014) (citation omitted). Based on the mother's history and her lack of progress in the twelve months following the CINA adjudication, we cannot find the need for removal will no longer exist if she is allowed six more months. *See B.H.A.*, 938 N.W.2d at 233 (noting a parent's past performance shows the quality of the future care that parent can provide). We thus decline to apply section 232.104(2)(b) to delay permanency.

**AFFIRMED.**