# IN THE COURT OF APPEALS OF IOWA

No. 23-0061
Filed November 21, 2023

**IN THE INTEREST OF A.P.,**
**Minor Child,**

**A.P., Father,**
        Petitioner-Appellee,

**J.P., Mother,**
        Respondent-Appellant

_____

        Appeal from the Iowa District Court for Warren County, Kevin Parker, District Associate Judge.


        The mother appeals the termination of her parental rights under Iowa Code chapter 600A.  **AFFIRMED.**


        Tara M. Elcock of The Law Shop by Skogerson McGinn, Van Meter, for respondent-appellant mother.

        Karen A. Taylor of Taylor Law Offices, P.C., Des Moines, for petitioner-appellee father.

        Chira L. Corwin of Corwin Law Firm, Des Moines, attorney and guardian ad litem for minor child.


        Considered by Bower, C.J., and Buller and Langholz, JJ.

**BULLER, Judge.**

The mother appeals termination of her parental rights under Iowa Code section 600A.8(3)(b) (2021). Finding she failed to maintain contact with the child or pay court-ordered child support, we conclude the grounds for termination were met. And because the best interests of the child also favor termination, we affirm.

## I.      Background Facts and Proceedings

The mother gave birth to the child at issue in 2017. When the child was six months old, a child in need of assistance (CINA) case was opened due to the child's failure to thrive. The CINA file is not part of our record, but the resulting bridge order is: it transferred physical care to the father and granted him sole legal custody. Under that bridge order and a subsequent stipulated divorce decree, the mother was allowed supervised visitation with provisions to gradually increase her visits if she met certain attendance and sobriety conditions. Over the life of this case, the mother failed to meet the conditions and timelines to resume visitation. She never progressed past supervised visitation. As of the termination trial, the mother had not seen the child in approximately two-and-a-half years.

The mother has failed to pay any child support, even though she stipulated to the court-ordered amount of $30 per month. In the words of the juvenile court, the mother's employment has been "erratic . . . since the beginning of the CINA matter." According to the mother, she was working full-time as of trial and had been for months, but she refused to identify her place of employment.

Mental-health problems plague the mother, by her own admission. Despite a significant need for mental-health services, the mother—again in the words of

the juvenile court—"has engaged in therapy erratically and has used illegal substances to self-medicate."

One of the prerequisites for the mother to engage in supervised visitation was drug testing within seven days of the stipulated decree. The only drug test in the record was dated two months before trial—more than a year after the stipulated decree—and was positive for marijuana. At trial, the mother admitted to using marijuana as recently as "a couple weeks" before. She also acknowledged she had not started any therapy or counseling.

The child is reportedly doing well in school, has relatively few behavioral issues, and enjoys spending time with siblings and helping the father with projects. According to the father, the child does not inquire about the mother and likely would not recognize her if they met in person. The father and his wife appear to provide a suitable home and have adequate financial means to support the child. The wife explained at trial that she has been acting as a surrogate mother for years. She is planning to adopt the child after termination.

The mother disagreed with the father and his wife's version of events. She claimed the father was violent and pointed to a founded Department of Health and Human Services report against him for striking the child with a belt. She also alleged communications difficulties with the father, though the record established she agreed to only contact him by email after the divorce. The mother contended the reason she did not comply with drug testing was she couldn't afford the drug test or supervision fee. And, she asserted she and her romantic partner could provide a loving home for the child, but she refused to provide her partner's last name on the alleged basis that the father's friends and coworkers were threatening

and harassing her. No evidence of these threats or harassment was presented at trial.

The guardian ad litem (GAL) filed a report recommending termination. The GAL agreed with most of the facts relayed by the father, including that the child "does not even know" the mother, the mother failed to drug test, and she failed to pay child support. The GAL also disagreed with the mother blaming the father for her lack of contact, noting the mother's failure to follow through on her obligations and failure to seek remedies through the courts. In the GAL's words, the mother "is full of excuses . . . but they are excuses and [the child] deserves more."

Following trial, the juvenile court terminated the mother's rights, finding she had abandoned the child and failed to pay child support. The court also found termination was in the child's best interests. The mother appeals.

## II. Standard of Review

We review private termination of parental rights de novo. *In re M.M.S.*, 502 N.W.2d 4, 5 (Iowa 1993). "Although we are not bound by them, we give weight to the trial court's findings of fact, especially when considering credibility of witnesses." *Id.*

## III. Discussion

Under Iowa Code chapter 600A, the child's welfare is "the paramount consideration," but we are also required to give "due consideration" to the parent's rights. Iowa Code § 600A.1(1). The petitioner in a 600A action must prove by clear and convincing evidence: (1) a statutory ground under section 600A.8 and (2) that termination is in the best interests of the child. *In re Q.G.*, 911 N.W.2d 761, 770 (Iowa 2018).

The statutory ground for abandonment provides in pertinent part:

> b. If the child is six months of age or older when the termination hearing is held, a parent is deemed to have abandoned the child unless the parent maintains substantial and continuous or repeated contact with the child as demonstrated by contribution toward support of the child of a reasonable amount, according to the parent's means, and as demonstrated by any of the following:
> (1) Visiting the child at least monthly when physically and financially able to do so and when not prevented from doing so by the person having lawful custody of the child.
> (2) Regular communication with the child or with the person having the care or custody of the child, when physically and financially unable to visit the child or when prevented from visiting the child by the person having lawful custody of the child.
> (3) Openly living with the child for a period of six months within the one-year period immediately preceding the termination of parental rights hearing and during that period openly holding himself or herself out to be the parent of the child.

Iowa Code § 600A.8(3)(b). The Code also separately provides for termination when a "parent has been ordered to contribute to the support of the child or financially aid in the child's birth and has failed to do so without good cause." Iowa Code § 600A.8(4). On this record, we find clear and convincing evidence of both abandonment under section 600A.8(3)(b) and failure to pay child support under section 600A.8(4).

As to abandonment, we find the mother failed to maintain substantial and continuous contact with the child. While the mother protests that the father essentially prevented her from doing so, we think the GAL is right: the mother "is full of excuses." And we—like the juvenile court—don't find those excuses persuasive. To resume weekly supervised visits, all the mother had to do was pass a drug test. She failed to take a drug test for more than a year after the divorce decree. And when she finally did take one, she tested positive for marijuana. And she continued to use marijuana even after testing positive. These

are not the acts of a parent dedicated to preserving the parent–child relationship. *See In re W.W.*, 826 N.W.2d 706, 711 (Iowa Ct. App. 2012) (finding abandonment based in part on the parent's failure to seek modification or comply with visitation decree, to such an extent child's memory of parent "faded or calcified").

As to the mother's failure to pay child support, it is undisputed she failed to make a single payment or contribute financially in any way. By the mother's own admission, she had gainful employment for months preceding trial and still made no financial contribution toward the child's well-being. The mother does not argue on appeal that she had "good cause" to not pay, nor could she. This ground for termination was satisfied by clear and convincing—really undisputed—evidence. *See Klobnock v. Abbott*, 303 N.W.2d 149, 152 (Iowa 1981) ("A substantial, and not merely sporadic or insignificant, failure to pay ordered support without good cause justifies termination of parental rights under section 600A.8(4).").

"Once the court has found a statutory ground for termination under a chapter 600A termination, the court must further determine whether the termination is in the best interest of the child." *In re A.H.B.*, 791 N.W.2d 687, 690 (Iowa 2010). There is some conflicting evidence in the record, but it was the role of the juvenile court as factfinder to resolve conflicts. We are not inclined here to second-guess how the juvenile court sifted through the evidence. For us, the most persuasive evidence in assessing this child's best interests is the danger posed by the mother's unaddressed mental-health and substance-abuse problems. This is particularly so in the context of her broader failure to maintain contact with the child and unwillingness to make even a nominal financial contribution. We weigh this evidence against the generally favorable reviews of the child's present

circumstance, including potential adoption by the father's wife. We also recognize the child has been out of the mother's care for about 90% of his life. And we give weight to the GAL's report and recommendation, which supports termination with an eye toward adoption. This all convinces us that termination is in the child's best interests.

**IV.     Disposition**

We affirm termination of the mother's parental rights under Iowa Code chapter 600A.

**AFFIRMED.**