# IN THE COURT OF APPEALS OF IOWA

No. 24-0985
Filed October 30, 2024

**IN THE INTEREST OF J.C.,**
**Minor Child,**

**R.J., Father,**
    Appellant.
_____

Appeal from the Iowa District Court for Page County, Donna Bothwell, Judge.

A father appeals the termination of his parental rights to his child. **AFFIRMED.**

Enoch K. Waipa of Waipa Law, Clarinda, for appellant mother.

Brenna Bird, Attorney General, and Natalie Hedberg, Assistant Attorney General, for appellee State.

Ivan E. Miller, Red Oak, attorney and guardian ad litem for minor child.

Considered by Buller, P.J., Langholz, J., and Doyle, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2024).

**DOYLE, Senior Judge.**

A father appeals the termination of his parental rights to his child. He challenges the grounds for termination and contends termination is not in the child's best interests. Following a de novo review, *see In re L.B.*, 970 N.W.2d 311, 313 (Iowa 2022), we affirm.

The child was born in December 2022 and came to the attention of the Iowa Department of Health and Human Services because of concerns about the parents' substance use. It was reported that the father smoked marijuana in the home while the child was present. In January 2023, law enforcement found controlled substances and prescription drugs in the home where the child resided and charged the father with several drug-related offenses and child endangerment.

The juvenile court removed the child from the parents' custody in February 2023 and adjudicated the child as a child in need of assistance (CINA) in April 2023. In the year that followed, the father made little progress in addressing the concerns that led to the child's removal. He completed substance-use treatment but did not maintain sobriety; when drug testing was requested, the father failed to participate, attempted to tamper with the test, or tested positive. Although the father attended visits with the child, he often ended them early. Those visits remained fully supervised, and the father refused to engage in some aspects of parenting like feeding the child or changing diapers.

In February 2024, the State petitioned to terminate the father's parental rights. The court held the termination hearing in May. During his testimony, the

father admitted that he continued to use methamphetamine but claimed that he would not use if the child was in his custody.[1]

The juvenile court granted the State's petition to terminate the father's parental rights under Iowa Code section 232.116(1)(e) and (h) (2024). It found the father "has not made a genuine effort to complete the responsibilities prescribed in the case permanency plan" and "continues to use methamphetamine knowing he cannot have [the child] placed in his care while doing so." The court noted that on top of the father's failure to take care of the child by himself, the child has advanced medical needs that the father is not trained to meet.

On appeal, the father challenges the evidence showing the grounds for terminating his parental rights. We may affirm an order terminating parental rights if the record supports termination on one ground found by the juvenile court. *See In re A.B.*, 815 N.W.2d 764, 774 (Iowa 2012). To terminate parental rights under section 232.116(1)(h), the evidence must show:

> (1) The child is three years of age or younger.
> (2) The child has been adjudicated a [CINA] pursuant to section 232.96.
> (3) The child has been removed from the physical custody of the child's parents for at least six of the last twelve months, or for the last six consecutive months and any trial period at home has been less than thirty days.
> (4) There is clear and convincing evidence that the child cannot be returned to the custody of the child's parents as provided in section 232.102 at the present time.

---

[1] The father testified, "I know if I have my kid, I would not do meth. I mean, I do this stuff. I'm alone. I have no one to care for or stuff, so I've done it, yeah. But if I had my child, no, I wouldn't." Although he admitted using methamphetamine "once or twice" since testing positive in February, the father claimed, "I don't do it all the time. I've done it when I've been at a party or something like that. Well, if I got my son here that's a year old, I'm not going to parties and stuff. So I'm not going to be doing it then."

The father challenges the finding that the child could not be returned to his custody at the time of the termination hearing. *See In re D.W.*, 791 N.W.2d 703, 707 (Iowa 2010) (interpreting the phrase "at the present time" to mean to mean "at the time of the termination hearing").

Clear and convincing evidence shows the child cannot be returned to the father's custody. The circumstances that led to the CINA adjudication—the father's substance use—continued at the time of the termination hearing. *See In re J.K.*, 495 N.W.2d 108, 113 (Iowa 1993) (noting that "parents with chronic, unresolved substance abuse problems present a danger to their children"). Despite his claim, there is no basis for believing the father will remain sober if the child is placed in his custody. *See In re N.F.*, 579 N.W.2d 338, 341 (Iowa Ct. App. 1998) ("Where the parent has been unable to rise above the addiction and experience sustained sobriety in a noncustodial setting, and establish the essential support system to maintain sobriety, there is little hope of success in parenting.").

The father also contends that termination is not in the child's best interests. We analyze best interests under the framework described in section 232.116(2). *See In re A.H.B.*, 791 N.W.2d 687, 690-91 (Iowa 2010). That section requires that we "give primary consideration to the child's safety, to the best placement for furthering the long-term nurturing and growth of the child, and to the physical, mental, and emotional condition and needs of the child." Iowa Code § 232.116(2). The "defining elements" are the child's safety and "need for a permanent home." *In re H.S.*, 805 N.W.2d 737, 748 (Iowa 2011) (citation omitted).

Clear and convincing evidence shows that termination is in the child's best interests. Once the statutory time periods set out in section 232.116(1) have

passed, we view termination proceedings "with a sense of urgency." *See In re C.B.*, 611 N.W.2d 489, 495 (Iowa 2000). Section 232.116(1)(h) allows termination six months after a child's removal; this child was removed for fifteen months at the time of the termination hearing. As we have often observed, children are not equipped with pause buttons. *See In re A.M.*, 843 N.W.2d 100, 112 (Iowa 2014) (holding that the court must not deprive children permanency on the hope that someday the parent will be able to provide a stable home); *In re A.C.*, 415 N.W.2d 609, 614 (Iowa 1987) (noting that if the plan to reconcile parent and child fails, "all extended time must be subtracted from an already shortened life for the children in a better home"). We agree with the juvenile court that the child "should not have to wait indefinitely . . . for his dad to stop using methamphetamine. He should have been a priority . . . long before this point." Because delaying permanency longer is contrary to the child's best interests, we affirm the termination order.

**AFFIRMED.**